```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
RLI INSURANCE COMPANY

                Plaintiff
                                   CASE NO.: 07 CIV 9546

                                   Civil Action
        -vs-

JDJ MARINE, INC.

                Defendants.
----------------------------------x
```

**AFFIRMATION IN SUPPORT**
**OF APPLICATION FOR INTERVENTION**

ALAN R. OSTROWITZ, an attorney at law duly licensed to practice before the Courts of the State of New York, and a Member of the Bar of the United States District Court for the Southern District of New York, a Member of the Firm of OSTROWITZ & OSTROWITZ, ESQS., attorneys of record for the applicant herein, respectfully states and alleges the following pursuant to the penalties of perjury:

1. That, COMMERCE BANK, N.A, is a National Association duly authorized by the Comptroller of the Currency to operate as a National Bank, and having banking branches and offices within the State of New

York and the State of New Jersey.

   2. That, the undersigned is attorney of record for COMMERCE BANK, N.A., (hereinafter sometimes referred to as "COMMERCE") in a an action in the United States District Court of the Southern District of New York, entitled COMMERCE BANK, N.A., vs., JDJ MARINE, INC. DBA LEISURE YACHT CHARTERS, DAVID E. SOMMERHALTER, PAULETTE SOMMERHALTER, JOSEPH N. TURI, JEAN TURI, AND DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, YEAR BUILT 1930, PIER 83, WEST 43RD STREET, NEW YORK, NEW YORK, and HER ENGINES, BOILERS, etc., Case No. 06 CIV 8301, before the Honorable GERALD LYNCH.

   3. That, annexed hereto, made a part hereof, incorporated herein by reference, and marked as Exhibit "A", is a true and exact copy of the Final Judgment and Order of Arrest of Vessel and Possession of Collateral, entered in the United States District Court, at case number 06-CIV-8301(GEL) and filed on April 20, 2007.  As this most Honorable Court can readily ascertain therefrom, COMMERCE BANK N.A. was adjudged in said action to foreclose all of the right, title, and or interest of the described defendants in the vessel which is the subject matter of both that action and of this action, i.e., DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE

67.  Additionally, said defendants were adjudged liable to COMMERCE in the aggregate sum of $734,424.19 together with interest calculated through March 1, 2007, and thereafter.

4.  That, pursuant to the Loan Agreements with COMMERCE BANK, the defendants were required to maintain insurance coverage adequate to protect COMMERCE's rights and interests in and/or to the subject vessel.  True and exact copies of the subject Agreements are annexed hereto, made a part hereof, incorporated herein by reference, and marked as Exhibits "B".

5.  That, the insurance coverage at issue in the within action is the very same insurance coverage which was required by COMMERCE to protect its secured interest, and was taken out by this defendant (and its principals) to insure the collateral security interest of COMMERCE.  Thus, COMMERCE has a direct pecuniary interest in this litigation.  In fact, it is no stretch of the imagination that COMMERCE's interest in this litigation is as great or greater than that of the defendant herein.

6.  That, pursuant to the Judgment entered in this Court in favor of COMMERCE, the security interest of COMMERCE extended to both the collateral security itself, i.e., the vessel, DIPLOMAT MOTOR

YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, as well as the within insurance policy, i.e, "all accounts, general intangibles, instruments, monies, payments and all other rights arising out of a sale, lease or other disposition of any of the property described in the collateral section of the Preferred Ship Mortgage, all proceeds, records and data relating the foregoing, etc." The description, described more fully in the Preferred Ship Mortgage, provides as follows:

> **VESSEL INSURANCE REQUIREMENTS AND PROVISIONS**. Grantor represents, warrants, and covenants to Lender as follows with respect to insurance and the Vessel:
>
> Required insurance. So long as this Ship Mortgage remains in effect, Grantor shall keep, at Grantor's sole cost, or cause others at their expense to keep, the Vessel constantly insured as specified below, as well as to keep the Vessel insured against such additional risks as may be commercially reasonable or reasonably specified by Lender form time to time:
>
> (a)     Marine…
>
> * * * *
>
> **Insurance Proceeds**. Lender shall have the right to receive directly the proceeds of all insurance protecting the Vessel…. In the event of an accident or event resulting in a constructive total loss of the Vessel, Lender shall have the right to assert a claim on behalf of Grantor, and if (a) such claim is accepted by all underwriters under the policies then in force, and (b) payment in full thereof is made in cash, then Lender shall have the right to abandon

>       the Vessel to the underwriters, free from the lien of this
>       Ship Mortgage.  Lender shall also have the right, in its
>       sole discretion, to enter into any agreement or compromise
>       with regard to the total loss or the constructive total
>       loss of the Vessel."

7.    Thus, under the terms of the Preferred Ship Mortgage, and under Judge LYNCH's Judgment, COMMERCE has a very tangible, financial interest in the subject matter of the within action.  In fact, in light of the large amount of the loss herein, the insurance proceeds at issue herein may constitute the fund for recovery of all or substantially all of the amount of COMMERCE's obligations ($734,424.19) herein.

8.    That, pursuant to Fed. R. Civ. Proc. 24(a), COMMERCE is entitled to intervene in this action inasmuch as COMMERCE, "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . ."

9.    That, in the event that this most Honorable Court rules adversely herein, COMMERCE may be deprived of its fund for ultimate recovery with respect to its collateral security on this loan.

10.    In addition thereto, the undersigned respectfully requests

that this most Honorable Court extend the time within which COMMERCE has to file an Answer or otherwise move with respect to the Complaint for a period of thirty (30) days from the date of the requested Order.

    11.  That, a copy of the proposed pleading is annexed hereto, made a part hereof, incorporated herein by reference, and marked as Exhibit "C".

WHEREFORE, the undersigned respectfully requests that this most Honorable Court enter the within application, pursuant to Fed. R. Civ. 12 Pro. 24(a), granting COMMERCE BANK, N.A. leave to intervene as a party defendant herein, extending the time for said defendant to file an Answer with respect to the Complaint, together with such other and further relief as, to the Court, may seem just and proper.

Dated:  December 6, 2007

                                                _____
                                                /s/ ALAN R. OSTROWITZ