```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
RLI INSURANCE COMPANY

                Plaintiff
                                        CASE NO.: 07 CIV 9546

                                        Civil Action
        -vs-

JDJ MARINE, INC.

                Defendants.
----------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT**
**OF APPLICATION FOR INTERVENTION**

COMMERCE BANK, N.A.(hereinafter sometimes referred to as "COMMERCE"), a National Association duly authorized by the Comptroller of the Currency to operate as a National Bank, and having banking branches and offices within the State of New York and the State of New Jersey, makes application to this Court for leave to intervene as a party defendant, pursuant to Fed. R. Civ. Proc. 24(a). As appears more fully hereinafter, COMMERCE, "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a

practical matter impair or impede the applicant's ability to protect that interest . . ."

As is set forth more fully in the accompanying Affirmation of ALAN R. OSTROWITZ, submitted in support of this application, COMMERCE is the plaintiff in an action in the United States District Court for the Southern District of New York, entitled COMMERCE BANK, N.A. vs., JDJ MARINE, INC. DBA LEISURE YACHT CHARTERS, DAVID E. SOMMERHALTER, PAULETTE SOMMERHALTER, JOSEPH N. TURI, JEAN TURI, AND DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, YEAR BUILT 1930, PIER 83, WEST 43RD STREET, NEW YORK, NEW YORK, and HER ENGINES, BOILERS, etc., Case No. 06 CIV 8301, before the Honorable GERALD LYNCH.  In said case, an action, *inter alia*, to foreclose COMMERCE's federally documented mortgage upon the vessel, Judge LYNCH has entered a Final Judgment and Order of Arrest of Vessel and Possession of Collateral, on April 20, 2007.  COMMERCE was adjudged in said action to foreclose all of the right, title, and or interest of the described defendants in the vessel which is the subject matter of both that action and of this action, i.e., DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67.

Additionally, said defendants were adjudged liable to COMMERCE in the aggregate sum of $734,424.19 together with interest calculated through March 1, 2007, and thereafter.

Pursuant to the Loan Agreements with COMMERCE BANK, and, particularly, the Preferred Ship Mortgage, the defendants (inclusive of the defendant in the within action) were required to maintain insurance coverage adequate to protect COMMERCE's rights and interests in and/or to the subject vessel, i.e., the interest of COMMERCE as secured creditor and mortgagee.  The insurance coverage at issue in the within action is the very same insurance coverage which was required by COMMERCE to protect its secured interest, and was taken out by this defendant (and its principals) to insure the collateral security and mortgage interest of COMMERCE.  Thus, COMMERCE has a direct, substantial pecuniary interest in this litigation.

Pursuant to Judge LYNCH's Judgment entered in this, the mortgage and security interest of COMMERCE extended to both the collateral security itself, i.e., the vessel, DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, as well as the within insurance policy, i.e, "all accounts, general intangibles, instruments, monies, payments and all other rights arising out of a

sale, lease or other disposition of any of the property described in the collateral section of the Preferred Ship Mortgage, **all proceeds**, records and data relating the foregoing, etc." [Emphasis added]. The insurance requirements in the Preferred Ship Mortgage, are, in pertinent part, as follows:

> **VESSEL INSURANCE REQUIREMENTS AND PROVISIONS**. Grantor represents, warrants, and covenants to Lender as follows with respect to insurance and the Vessel:
>
> Required insurance. So long as this Ship Mortgage remains in effect, Grantor shall keep, at Grantor's sole cost, or cause others at their expense to keep, the Vessel constantly insured as specified below, as well as to keep the Vessel insured against such additional risks as may be commercially reasonable or reasonably specified by Lender form time to time:

(a)  Marine…

* * * *

> **Insurance Proceeds**. Lender shall have the right to receive directly the proceeds of all insurance protecting the Vessel…. In the event of an accident or event resulting in a constructive total loss of the Vessel, Lender shall have the right to assert a claim on behalf of Grantor, and if (a) such claim is accepted by all underwriters under the policies then in force, and (b) payment in full thereof is made in cash, then Lender shall have the right to abandon the Vessel to the underwriters, free from the lien of this Ship Mortgage. Lender shall also have the right, in its sole discretion, to enter into any agreement or compromise with regard to the total loss or the constructive total loss of the Vessel."

Thus, under the terms of the Preferred Ship Mortgage, and under Judge LYNCH's Judgment, COMMERCE has a very substantial, tangible, financial interest in the subject matter of the within action, i.e., <u>the very same insurance policy and proceeds which are the subject matter of this action</u>.  In fact, in light of the large amount of the loss herein, the insurance proceeds at issue herein may constitute the very fund for recovery of all or substantially all of the amount of COMMERCE's obligations ($734,424.19) herein.

      Pursuant to Fed. R. Civ. Proc. 24(a), COMMERCE is entitled to intervene in this action inasmuch as COMMERCE, "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest . . ."  The interest of COMMERCE is tangible and substantial.  If COMMERCE does not intervene to protect its interest herein, COMMERCE may be deprived of the proceeds of its collateral security on this loan.

      Fed. R. Civ. Pro. Specifically provides that COMMERCE is entitled to intervene in this matter as a matter of right:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> **(1)** * * * *
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Here, it is clear that COMMERCE's interest is both compelling and substantial.  The amount of COMMERCE's interest has already been fixed by this Court at approximately $750,000.00, and COMMERCE's interest in the insurance policy and proceeds has been determined by the Court as well.  Certainly, a clearer case of a right to intervention could not possibly be posited.

In <u>MasterCard Intern. Inc. v. Visa Intern. Service Ass'n, Inc.</u>, 471 F.3d 377 (C.A.2d N.Y. 2006), the Court discussed the requirements for mandatory intervention.  In that case, the issue was whether the party to be added was a "necessary party" under Fed. R. Civ. Pro. 19 and, hence, intervention was proper.

First, the Court stated that a "party is necessary under Rule 19(a)(1) only if in that party's absence complete relief cannot be accorded *among those already parties*. Fed.R.Civ.P. 19(a)(1) (emphasis added). Visa's

absence will not prevent the district court from granting complete relief between MasterCard and FIFA."  Similarly, in this action, COMMERCE was previously adjudicated to be the owner of the subject insurance proceeds.  Hence, "complete relief cannot be accorded *among those already parties"*.

The Court continued in its discussion of the intervention rule contained in Rule 24:

> We now turn to the district court's order denying Visa's motion to intervene under Rule 24. Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties. See *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir.1994). The district court found that Visa's motion was untimely. See *MasterCard*, 2006 WL 3065598, at *1-2. The district court also noted that, for the reasons stated at the hearing on the Rule 19 motion, Visa failed to satisfy the other conditions as well. *Id.* at *3. We will reverse a district court's denial of a motion to intervene only for abuse of discretion. See *Pitney Bowes*, 25 F.3d at 69 (noting that deferential review is appropriate since motions to intervene are fact-intensive inquiries and a district court has the advantage of having a better sense of the case than we do on appeal).

Here, there is no doubt that all four (4) of the subject requirements have been satisfied herein.  "(1) the motion is timely", as COMMERCE has filed this motion at the earliest possible stage of these proceedings, before issue has been joined herein.   "(2) the applicant asserts an interest relating to the property or transaction that is the

subject of the action".  COMMERCE's interest in the insurance and proceeds has already been adjudicated in this Court, and is documented in its Federal Preferred Ship Mortgage.  "(3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest."  Obviously, an adverse determination herein will destroy the very fund (insurance proceeds) required for COMMERCE's protection; and "(4) the applicant's interest is not adequately represented by the other parties".  Obviously, the defendant herein, previously adjudicated liable to the plaintiff, and its interests foreclosed, does not have the financial interests of the plaintiff as its main objective.

For the reasons set forth herein, the undersigned respectfully requests that this most Honorable Court enter the within application, pursuant to Fed. R. Civ. 12 Pro. 24(a), granting COMMERCE BANK, N.A. leave to intervene as a party defendant herein, and extending the time for said defendant to file an Answer with respect to the Complaint,

together with such other and further relief as, to the Court, may seem just and proper.

Dated:   December 6, 2007              OSTROWITZ & OSTROWITZ, ESQS.
                                                                          Attorney for Movant
                                                                          COMMERCE BANK, N.A.

                                                                          <u>/s/ ALAN R. OSTROWITZ (AO 7173)</u>
                                                                          By:   ALAN R. OSTROWITZ
                                                                          A Member of the Firm
                                                                          150 Broadway ~ Suite 2206
                                                                          New York, New York 10038
                                                                          Tel.: (212) 509-2800

                                                                          PLEASE SEND PAPERS TO:
                                                                          225 Gordons Corner Road
                                                                          Suite 1-J
                                                                          Manalapan, New Jersey 07726