FRICKE & SOLOMON, P.C.
Richard M. Fricke   (RF7486)
Attorneys for Defendant
622 Barlow Avenue
Staten Island, New York   10312
Telephone:   718-984-2626
Telecopier:   718-984-5820
Attorneys for defendant, JDJ Marine, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................x
RLI INSURANCE COMPANY,                    07 Cv. 9546 (JBD)

                    Plaintiff,          **ANSWER**
                                         **OF JDJ MARINE, INC.**

JDJ MARINE, INC.

                    Defendant.
...............................................................x

      Defendant JDJ MARINE, INC.  ("JDJ"), by its undersigned counsel, Fricke and Solomon, P.C.,  answering the  Complaint  of plaintiff RLI INSURNACE COMPANY ("RLI"), states and alleges, on information and belief the following.

**JURISDICTION**

      1.   JDJ admits that RLI seeks a declaratory judgment in this action to determine RLI's rights and obligations under the Policy it issued to JDJ. JDJ admits that it asserts that damages sustained by its vessel THE DIPLOMAT MOTOR YACHT (THE DIPLOMAT) as a result of an incident that occurred on July 1, 2007, are recoverable under the Policy. Except as specifically admitted herein, JDJ denies the allegations contained in paragraph 1 of RLI's Complaint.

      2.   Paragraph 2 of RLI's Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, the allegations contained therein are denied.

3. JDJ admits the allegations contained in paragraph 3 of RLI's Complaint.

**PARTIES**

4. JDJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of RLI's Complaint.

5. JDJ admits that at all material times it was and is a corporation organized under and existing by virtue of the laws of one of the states of the United States, that it had and has a principal place of business at 113 Palisade Avenue, Emerson, New Jersey 07630.

6. JDJ admits that at all material times it was the operator of THE DIPLOMAT.

7. JDJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of RLI's Complaint.

8. JDJ denies the allegations contained in paragraph 8 of RLI's Complaint, except that it admits that Frenkel & Co. Inc., acting on its behalf, applied to RLI for marine insurance coverage.

9. JDJ denies the allegations contained in paragraph 9 of RLI's Complaint, except that it admits that Frenkel & Co. Inc., acting on its behalf, applied to RLI for marine insurance coverage.

**THE HULL POLICY**

10. JDJ denies the allegations contained in paragraph 10 of RLI's Complaint, excepts that it admits that application was made to RLI on or before May 15, 2007 for hull and protection and indemnity insurance on THE DIPLOMAT.

11. JDJ admits that on or before May 15, 2007, RLI issued and delivered a policy identified as RLI Policy HUL0100185 and hereafter referred to herein as the "Policy," with a policy period from May 15, 2007, 12:01 a.m Standard Time to May 15, 2008, 12:01 a.m. Standard Time, but except as admitted herein, JDJ denies the allegations contained in paragraph 11 of RLI's Complaint.

12. JDJ admits the allegations contained in paragraph 12 of RLI's Complaint.

13. JDJ denies the allegations contained in paragraph 13 of RLI's Complaint, and respectfully refers to the Policy for a statement of all of its terms.

14. JDJ admits the allegations contained in paragraph 14 of RLI's Complaint.

## BACKGROUND FACTS

15. JDJ admits that the incident in question occurred while THE DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey, but otherwise denies the allegations contained in paragraph 15 of RLI's Complaint.

16. JDJ denies the allegations contained in paragraph 16 of RLI's Complaint.

17. JDJ denies the allegations contained in paragraph 17 of RLI's Complaint.

18. JDJ admits that the incident in question occurred while THE DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey, but otherwise denies the allegations contained in paragraph 18 of RLI's Complaint.

19. JDJ admits that it made a claim under RLI Policy No. HUL0100185, on or about July 2, 2007.

20. JDJ denies the allegations contained in paragraph 20 of RLI's Complaint.

21. JDJ denies the allegations contained in paragraph 21 of RLI's Complaint.

22. JDJ denies the allegations contained in paragraph 22 of RLI's Complaint.

23. JDJ admits that it made a total loss claim to RLI for the damages sustained by THE DIPLOMAT on or about July 1, 2007.

24. Paragraph 24 of RLI's Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies knowledge or information sufficient to form a belief as to the truth or basis of the allegations contained in paragraph 24 of RLI's Complaint and leaves it to its proofs.

25. Paragraph 25 of RLI's Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies knowledge or information sufficient to form a belief as to the truth or basis of the

allegations contained in paragraph 25 of RLI's Complaint and leaves it to its proofs.

## AS TO RLI'S FIRST CAUSE OF ACTION

26.  JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-25 of RLI's Complaint with the same force and effect as if fully set forth at length herein.

27.  JDJ denies the allegations contained in paragraph 27 of RLI's Complaint.

28.  JDJ denies the allegations contained in paragraph 28 of RLI's Complaint.

29.  JDJ denies the allegations contained in paragraph 29 of RLI's Complaint.

## AS TO RLI'S SECOND CAUSE OF ACTION

30.  JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-29 of RLI's Complaint with the same force and effect as if fully set forth at length herein.

31.  JDJ admits that the incident in question occurred while THE DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey, but otherwise denies the allegations contained in paragraph 31 of RLI's Complaint.

32.  Paragraph 32 of RLI's Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 32 of RLI's Complaint.

33.  JDJ denies the allegations contained in paragraph 33 of RLI's Complaint.

34.  JDJ denies the allegations contained in paragraph 34 of RLI's Complaint.

35.  JDJ denies the allegations contained in paragraph 35 of RLI's Complaint.

## AS TO RLI'S THIRD CAUSE OF ACTION

36.  JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-35 of RLI's Complaint with the same force and effect as if fully set forth at length herein.

37.  JDJ admits the allegations contained in paragraph 37 of RLI's Complaint.

38.  JDJ denies the allegations contained in paragraph 38 of RLI's Complaint.

39. JDJ denies the allegations contained in paragraph 39 of RLI's Complaint.

40. JDJ denies the allegations contained in paragraph 40 of RLI's Complaint.

## AS TO RLI'S FOURTH CAUSE OF ACTION

41. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-40 of RLI's Complaint with the same force and effect as if fully set forth at length herein.

42. JDJ denies the allegations contained in paragraph 42 of RLI's Complaint.

43. JDJ denies the allegations contained in paragraph 43 of RLI's Complaint.

44. JDJ denies the allegations contained in paragraph 44 of RLI's Complaint.

## AFFIRMATIVE DEFENSES ASSERTED BY JDJ
## FIRST AFFIRMATIVE DEFENSE

45. RLI is barred from obtaining the relief it seeks because of the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

46. RLI is barred from obtaining the relief it seeks by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

47. RLI is barred from obtaining the relief it seeks by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

48. RLI is not entitled to the relief it seeks in RLI's Complaint because JDJ complied with the terms and conditions in the Policy.

## FIFTH AFFIRMATIVE DEFENSE

49. RLI is not entitled to the relief it seeks in RLI's Complaint because JDJ at all times acted in good faith and within its rights under the Policy handling and mitigating the claims arising from the July 1, 2007 incident.

## SIXTH AFFIRMATIVE DEFENSE

50. RLI is not entitled to the relief it seeks in RLI's Complaint because at all times RLI was fully aware of, and participated, or had the opportunity to participate, in JDJ's efforts and activities to avoid or minimize the claims arising from the July 1, 2007

incident.

## SEVENTH AFFIRMATIVE DEFENSE

51. RLI's Complaint fails to set forth a cause action against JDJ upon which relief can be granted.

Dated:  Staten Island, New York  FRICKE & SOLOMON
        January 3, 2008           Attorneys for defendant, JDJ Marine, Inc.


                                  By: _____
                                      Richard M. Fricke (RF7486)
                                      622 Barlow Avenue
                                      Staten Island, N Y  10312
                                      Telephone:   718-984-2626