UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RLI INSURANCE COMPANY,                              07 Cv. 9546 (JBD)(HP)

                Plaintiff,

     -against-

JDJ MARINE, INC.

               Defendant.
------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO COMMERCE BANK'S MOTION TO INTERVENE

Of Counsel:   John A.V. Nicoletti
               Nooshin Namazi
               Guerric S.D.L. Russell

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................. ii

PROCEDURAL HISTORY .................................................................................. 1

FACTS .................................................................................................................. 2

LEGAL ARGUMENT

    COMMERCE HAS NOT SATISFIED ITS
    BURDEN TO INTERVENE AS OF RIGHT ................................................ 3

CONCLUSION ..................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**                                                           **PAGE**

*Glyn v. Royal Boat Management Corp.*,
   897 F.Supp. 451, 1995 A.M.C. 1260
   (D.Hawaii 1995) ................................................................................................5

*Great Atlantic & Pacific Tea Co., Inc., v.
   Town of East Hampton*,
   178 F.R.D. 39 (E.D.N.Y. 1998) ....................................................................3, 4

*Ionian Shipping Co. v. British Law Ins. Co.*,
   426 F.2d 186 (2d Cir. 1970) ..............................................................................4

*Mastercard International Inc. v. Visa
   International Service Assn.*, Inc.,
   471 F.3d 377 (2d Cir. 2006) ..........................................................................3, 5

*United States v. State of New York*,
   820 F.2d 554 (2d Cir. 1987) ..............................................................................3

*Washington Electric Corp. v. Massachusetts
   Municipal Wholesale Electric Co.*,
   922 F.2d 92 (2d Cir. 1990) ............................................................................3, 4

**STATUTES AND RULES**

Fed.R.Civ.Pro. 24(a) ..............................................................................................3

Federal Declaratory Judgment Act,
   28 U.S.C. § 2201 ................................................................................................5

RLI Insurance Company (hereinafter "RLI"), by and through its attorneys, NICOLETTI HORNIG SWEENEY, respectfully submits this Memorandum of Law in Opposition of Commerce Bank's (hereinafter "Commerce") motion to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

As set forth below, the Court should deny the instant motion because Commerce has failed to sustain its burden to intervene as of right. Specifically, Commerce has not shown that its interests are not adequately protected by defendant JDJ, a necessary element for such relief. Furthermore, Commerce is a stranger to the policy, is not involved in the merits of RLI's claims, and has no contractual rights at issue in this action. Commerce's interests only lie with the proceeds of any settlement or judgment which would be payable by RLI. RLI has already agreed to withhold paying JDJ any insurance proceeds if and when awarded by the Court or in the event of a settlement with JDJ, thereby satisfying Commerce's interests. Under these circumstances, Commerce is not entitled to intervene as of right.

## PROCEDURAL HISTORY

On October 25, 2007, RLI filed the instant action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, against JDJ Marine, Inc. (hereinafter "JDJ") with respect to a denial of coverage under Policy No. HUL0100185 (the "policy"), which is an admiralty and/or maritime contract of insurance. JDJ was personally served at its place of business and through the New York Secretary of State on October 29, 2007. *See*, Exhibit "1".[1] Thereafter, JDJ's counsel, Fricke & Solomon made an appearance, and by Stipulation dated December 5, 2007, counsel for the parties agreed to extend JDJ's time to file its Answer and/or otherwise move as to RLI's Complaint to January 3, 2008. *See*, Exhibit "2". On January 2, 2008, prior to any Answer being filed, RLI filed an Amended Complaint to assert three (3) additional

causes of action against JDJ. *See*, Exhibit "3". Thereafter, JDJ filed an Answer to the Complaint on January 3, 2007. *See*, Docket No. 11.

## FACTS

The instant action pertains to damages allegedly sustained by the M/V DIPLOMAT on or about July 2, 2007, when the vessel took on water and partially flooded while docked at Lincoln Harbor Marina. JDJ, who upon information and belief was the owner and operator of the M/V DIPLOMAT at the time of the alleged loss, subsequently filed a claim with RLI pursuant to the policy. JDJ is the sole named insured under the policy, which provides certain hull and protection and indemnity coverage relating to the M/V DIPLOMAT. *See*, Exhibit "A" of the Amended Complaint (Exhibit "3"). There are no additional insureds or loss payees identified in the policy. *Id.*

RLI has denied JDJ's claim for the loss and maintains that it is not obligated both as a matter of maritime law and under the terms of the policy to pay for the damages allegedly sustained by the M/V DIPLOMAT. The denial of coverage is based on the following reasons: (1) the water ingress into the M/V DIPLOMAT was not an insured event; (2) the sinking was not fortuitous because the M/V DIPLOMAT was unseaworthy at the time of the loss; (3) coverage was not triggered because the M/V DIPLOMAT did not sustain an actual or constructive total loss; (4) the policy is void <u>ab initio</u> because JDJ failed to disclose when soliciting insurance from RLI that a Final Judgment and Order of Arrest of Vessel and Possession of Collateral was issued by the Hon. Gerald Lynch in the Southern District of New York on April 20, 2007, which affected its ownership interest in the M/V DIPLOMAT; (5) the policy was void because JDJ failed to have an insurable interest in the M/V DIPLOMAT at the time of the inception of the policy; (6) the policy was void at the time of the loss because there had been a change of

---

[1] Referenced exhibits can be found in the accompanying Affidavit of John A.V. Nicoletti dated January 4, 2008.

ownership in the M/V DIPLOMAT; and (7) if the M/V DIPLOMAT sustained a total loss, which is denied, then it was solely due to JDJ's failure to Sue and Labor the damage to the areas exposed to the partial flooding.

## LEGAL ARGUMENT

### COMMERCE HAS NOT SATISFIED ITS BURDEN TO INTERVENE AS OF RIGHT

In the instant motion, Commerce solely seeks to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. The Court should deny the request because Commerce has failed to sustain its burden for such relief. As Commerce recognizes in its motion papers, Commerce must show (1) that its request to intervene is timely; (2) that it has an interest in the action; (3) an impairment of that interest arising from an unfavorable disposition; and (4) that its interest is not otherwise adequately protected. See, Fed.R.Civ.Pro. 24(a); *Mastercard International Inc. v. Visa International Service Assn.*, Inc., 471 F.3d 377, 389 (2d Cir. 2006); *Washington Electric Corp. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92, 96 (2d Cir. 1990); *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir. 1987). A motion to intervene as of right must be denied if any of these elements are not satisfied. See, *Washington Electric Corp.*, 922 F.2d at 97 ("all four parts of the test must be satisfied to qualify for intervention as of right"); *United States*, 820 F.2d at 556 (holding that failure to satisfy any one of the four elements to intervene as of right is grounds to deny the application).

Commerce's request to intervene as of right fails because it cannot show that its interests are not adequately protected in the instant action. Adequate representation is presumed when the would-be intervenor shares the same ultimate objective as a party to the lawsuit. See, *Washington Electric*, 922 F.2d at 98; *Great Atlantic & Pacific Tea Co., Inc., v. Town of East*

3

*Hampton*, 178 F.R.D. 39, 42 (E.D.N.Y. 1998). The would-be intervenor's interest is not inadequately represented merely because its motive to litigate is different from a party to the action. *See, Washington Electric*, 922 F.2d at 98. To overcome the presumption of adequate representation in the face of shared objectives, the would-be intervenor must demonstrate collusion, nonfeasance, adversity of interest, or incompetence on the part of the named party that shares the same interest. *See, Great Atlantic*, 178 F.R.D. at 42-43.

In a virtually identical scenario to the instant motion, the Second Circuit refused to grant a vessel's mortgagee the right to intervene in a suit commenced by the mortgagor against its marine hull insurer after it had denied its claim. *See, Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186 (2d Cir. 1970). In *Ionian*, the owner of the vessel gave Chase Manhattan Bank a First Preferred Ship Mortgage in connection with a loan it had received. *See, Ionian Shipping*, 426 F.2d at 187. Pursuant to the terms of the loan agreement, the bank was also identified as an additional loss payee under the hull policy.[2] *Id.* Shortly thereafter, the vessel ran aground and became a total loss. *Id.* at 188. However, the insurer refused to pay the insurance proceeds because it believed that the grounding was intentional. *Id.* In addition, Chase had assigned the mortgage to Allied, who had previously guaranteed the insured obligations under the mortgage. After the vessel owner filed suit against its insurer, Allied moved to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). *Id.*

In reaching its decision, the Second Circuit focused on whether the current parties to the action would provide adequate representation for Allied. *Id.* at 189. Noting that the outcome of the litigation would not, as a practical matter, impair or impede on Allied's ability to protect its interest, the Court held that the insured would represent the assignee/mortgagee adequately. *Id* at 190-91. In fact, the Court found that their interests in the insurance proceeds

4

were identical and the insured, if anything, had an even more powerful incentive to recover under the policy. *Id.* at 191.

Moreover, the Court rejected Allied's arguments of inadequate representation because it had first right to the insurance proceeds and was already at odds with the insured. *Id*; see also, *Glyn v. Royal Boat Management Corp.*, 897 F.Supp. 451, 453, 1995 A.M.C. 1260 (D.Hawaii 1995)(holding that lienholder intervenor was not entitled to intervene as of right because he had no interests in the merits of the action, but only in the damages awarded to the plaintiff, and his interest were adequately protected).

In like manner, both JDJ and Commerce share the same objective, which is to obtain insurance proceeds from RLI for the alleged damages sustained by the M/V DIPLOMAT on or about July 2, 2007. Commerce has no other interest in this action and is not involved with the actual merits of whether RLI owes coverage under the policy. In light of their shared objective, the Court should presume that JDJ, who has appeared and is defending this action, will provide adequate representation for Commerce in this matter. JDJ's participation in this action ensures that Commerce's interests are protected. Commerce has also not alleged collusion, nonfeasance, adversity of interest or incompetence on the part of JDJ, which would rebut this presumption.

Furthermore, Commerce's reliance on *Mastercard International, Inc. v. Visa International Service Assn., Inc.*, 471 F.3d 377 (2d Cir. 2006), is misplaced. As an initial matter, Commerce is mixing two separate issues which were being appealed in the *Mastercard* decision. One related to the district court's denial pursuant to Rule 19(a) and (b) to join Visa in the underlying action. The other related to the district court's denial pursuant to Rule 24(a)(2) to permit Visa to intervene as of right. *Id.*

---

[2] Conversely, Commerce is not identified as a loss payee in the RLI policy.

5

In deciding whether the district court properly denied the motion to intervene as of right, the Second Circuit considered whether Visa had satisfied the four (4) necessary elements (i.e. timeliness; interest; impairment; adequacy of protection) to be entitled to such relief. As part of its analysis into this issue, the Court considered whether Visa was a "necessary party" under Rule 19(a), which the Court determined was required to satisfy the test for intervention as of right pursuant to Rule 24(a)(2). *Id.* at 389. The Second Circuit ultimately concluded that Visa was not a "necessary party" because it was a stranger to the contractual dispute which was the subject of the Mastercard litigation. *Id.* at 390. Accordingly, the Second Circuit held that the district court had properly denied Visa's motion to intervene as of right.[3] *Id.*

Similarly, Commerce is not a necessary party to this action. Commerce is not a named insured, additional insured or loss payee under the policy. It has no contractual rights or claims against RLI. Commerce is a stranger to the policy, whose rights and interests are not the subject of RLI's request for declaratory relief.

Furthermore, any claims that the First Preferred Ship Mortgage required JDJ to provide Commerce with insurance coverage; or that Commerce is entitled to any settlement or award do not relate to the issues in the instant matter.

Notwithstanding Commerce's lack of any rights or interest pertaining to the merits of this action, however, RLI has already agreed to honor Judge Lynch's Final Judgment and Order of Arrest of Vessel and Possession of Collateral dated April 20, 2007 and will withhold paying any settlement or judgment to JDJ without either Commerce's or the Court's approval. *See*, Exhibit "4". Commerce's interest in the insurance proceeds, to the extent there are any, is therefore protected.

---

[3] The Second Circuit also concluded that the motion was properly denied because Visa's request to intervene as of right was untimely. *Id.* at 390-391.

6

## CONCLUSION

In light of the foregoing, the Court should deny Commerce Bank's Motion to Intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

Dated: New York, New York
January 4, 2007

>NICOLETT HORNIG & SWEENEY
>Attorneys for Plaintiff RLI Insurance Company
>
>By: _____
>John A.V. Nicoletti (JN-7174)
>Wall Street Plaza
>88 Pine Street, 7th Floor
>New York, New York 10005
>Tel: 212-220-3830
>Fax: 212-220-3780
>E-mail: jnicoletti@nicolettihornig.com
>70000202 JAVN/NN/GSR

TO:

Fricke & Solomon
Attorneys for Defendant
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:    718-984-2626
Fax:    718-984-5820
E-mail:rfricke@metrolaw.com

Ostrowitz & Ostrowitz, Esqs
Attorneys for *COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:    212-509-2800
Fax:    732-446-5837
E-mail:ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

X:\Public Word Files\7\202\Legal\Memorandum of law opposition to intervene (final).GSR.S.RR.1.4.08.doc

7

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                    S.S.:
COUNTY OF NEW YORK)

ROSEMARIE RUSSO, being duly sworn, deposes and says:

I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for the plaintiff. I am not a party to this action, am over 18 years of age and reside in Nassau County, New York.

On January 4, 2008, I served the annexed **MEMORANDUM OF LAW IN OPPOSITION TO COMMERCE BANK'S MOTION TO INTERVENE**, upon the following:

Fricke & Solomon
Attorneys for Defendant
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:  718-984-2626
Fax:  718-984-5820
E-mail:rfricke@metrolaw.com

Ostrowitz & Ostrowitz, Esqs
Attorneys for *COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:  212-509-2800
Fax:  732-446-5837
E-mail:ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

*[signature]*
ROSEMARIE RUSSO

Sworn to before me this
4th day of January, 2008

*[signature]*
Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20 10