UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
RLI INSURANCE COMPANY

               Plaintiff
                                CASE NO.: 07 CIV 9546 (JBD)(HP)

                                Civil Action
      -vs-

JDJ MARINE, INC.

              Defendants.
----------------------------------x

**REPLY AFFIRMATION AND**
**MEMORANDUM OF LAW**

     ALAN R. OSTROWITZ, an attorney at law duly licensed to practice before the Courts of the State of New York, and a Member of the Bar of the United States District Court for the Southern District of New York, respectfully states and alleges the following pursuant to the penalties of perjury:

    1.   That, the undersigned has reviewed the Memorandum of Law filed in opposition to the within motion to intervene of COMMERCE BANK, N.A.  As appears more fully hereinafter, much of said argument

is inapplicable to the within matter and COMMERCE BANK, N.A.'s motion should be granted.

    2.   That, first, annexed hereto, made a part hereof, and incorporated herein by reference, is a true and exact copy of correspondence bearing date of January 2, 2008, from counsel for the plaintiff herein, pursuant to which counsel advised that he filed an Amended Complaint on that date, together with a true and exact copy of the subject Amended Complaint.  Curiously, however, an examination of the docket report in this matter conducted as of January 8, 2008, at 9:19:13 a.m., fails to disclose the filing of said Amended Answer, despite counsel's correspondence indicating that the same was, indeed, filed.  As appears more fully hereinafter, the fact that the subject Amended Answer was not filed and is not filed at this time speaks volumes as to the plaintiff's argument herein.

    3.   A mere cursory examination of said Amended Complaint shows that the allegations contained therein are diametrically opposed to the position taken by RLI on this motion.  RLI continues to contend in said Amended Complaint that it is not liable under its insurance contract for the damages sought by JDJ herein.  To paraphrase RLI's

Amended Complaint, one (1) of the grounds for RLI's purported non-liability is predicated upon the Final Judgment and Order of Arrest of Vessel and Possession of Collateral entered by the Honorable GERALD E. LYNCH, U.S.D.J., previously referred to in this motion (hereinafter sometimes referred to as the "Foreclosure Order"), a true copy of which is annexed to the subject Amended Complaint as Exhibit "B".

    4.    For the purposes of clarity of discussion, the total insurance proceeds payable under the subject insurance policy at issue herein are $500,000.00, and the amount of COMMERCE's lien claim has been adjudicated in the Foreclosure Order at $729,936.24.  In paragraphs "15." through and including paragraph "19." of the Amended Complaint, RLI alleges that, *inter alia*, by virtue of the Foreclosure Order, "JDJ was foreclosed of any and all right, title and/or interest in the M/V DIPLOMAT.  Furthermore, COMMERCE BANK, N.A., was entitled to arrest and seize the vessel."  [Amended Complaint ¶"16."].  This most Honorable Court is respectfully directed to the fact that, as of the date hereof, there has been no arrest of the vessel, the Marshal has not taken possession thereof, nor has there been any actual foreclosure sale of the vessel.  In essence, at this stage of the

proceedings, COMMERCE has obtained the Foreclosure Order, but has not, as yet, proceeded to complete the actual foreclosure process.

5.   The contention is made in the subject Amended Complaint that RLI was unaware of COMMERCE's foreclosure proceeding and, by virtue thereof, RLI's liability was obviated thereby. "Had RLI been made aware of either of these facts, which are material to RLI's assessment of the risks insured, RLI would not have agreed to issue Policy No. HUL0100185."   RLI appears to take the position that JDJ misrepresented the state of facts in its insurance application, thereby obviating RLI's liability under the policy.  Additionally, RLI alleges that there has been a change in ownership (from JDJ to COMMERCE) which would similarly avoid RLI's liability.

6.   Obviously, COMMERCE BANK, N.A. reserves the right to dispute the factual and legal conclusions made in the Amended Complaint.  Suffice it to say that, at this early juncture of this litigation, RLI cannot have it both ways.  RLI's contention raised in the Amended Complaint is at odds with its position on this motion.  On this motion, RLI contends, in essence, that under the authority of <u>Ionian Shipping Co. v. British Law Ins. Co.</u>, 426 F.2d 186 (2d Cir.

1970), COMMERCE BANK, N.A.'s interests are adequately protected by the defendant JDJ.  Conversely, the Amended Complaint which was to be filed herein on January 2, 2008, takes the opposite position, i.e., that by virtue of the foreclosure of the Federal Preferred Ship's Mortgage by COMMERCE, there has been "a change of ownership" from JDJ MARINE INC. to COMMERCE BANK, N.A. by virtue of the foreclosure Order referenced herein above, thereby merging the two (2) separate interests into one and making COMMERCE the actual "owner".  And, the argument continues, under the policy's contractual provision, by virtue of the "change in ownership", RLI's liability is thereby avoided.

    7.    That, at this pre-Answer stage of the proceedings, COMMERCE BANK, N.A. disputes RLI's interpretation, inasmuch as *the Order of Foreclosure did not and does not terminate all of the right, title and/or interest of JDJ MARINE, INC. in and/or to the vessel*.  JDJ retains and still does retain significant leqal and equitable interests in the said vessel.  As this most Honorable Court is well aware, the Foreclosure Order did not terminate JDJ's equity of redemption in the vessel, and said equity of redemption is not

extinguished unless and until the foreclosure sale itself is actually conducted by the Marshal, i.e., until the "gavel comes down on the foreclosure sale". *E.g.* 70 Am Jur. 2d, Shipping §180 *et. seq*.

8.  In the case cited by the plaintiff herein, Ionian Shipping Company, *supra*, the ship's mortgagee, Chase Manhattan Bank, represented in the suit by its assignee, Allied Chemical, sought to intervene in a similar insurance dispute. In Ionian, *supra*, the Court held that Allied, as assignee of Chase, was not entitled to intervene as of right inasmuch as "Allied's rights are derivative and depend on whether Ionian can recover". However, in the instant matter, unlike the situation in Ionian, COMMERCE BANK, N.A. herein had obtained its Order of Foreclosure which significantly elevated the status of its bundle of rights in the collateral possessed by COMMERCE BANK, N.A. In Ionian, unlike the within action, a Foreclosure Order had not yet been entered, nor had a foreclosure sale itself taken place. Thus, Allied's position was significantly less advanced than that of COMMERCE herein.

9.  This distinction is of great significance and distinguishes the two cases. In Ionian, the Court interpreted the contractual

provisions of the insurance contract and determined that Allied's rights were those set forth and determined by and under the contract. The Court stated that:

> "It may be that Ionian will not represent ALLIED adequately on this issue, but its failure to do so will not rise to the level of impairment sufficient to make intervention of right appropriate." <u>At</u> 191.

10. However, in the instant matter, COMMERCE has obtained the subject Foreclosure Order and has been adjudicated as the legal, if not yet *equitable* owner of and entitled to the vessel and her insurance proceeds, if any. Thus, unlike <u>Ionian</u>, <u>supra</u>, COMMERCE is not adjudicating some hypothetical contractual entitlement to proceeds under the clause of the insurance contract but, rather, the actual proceeds of the insurance as to which COMMERCE has been adjudicated the legal owner thereof. COMMERCE, as the legal owner of the insurance proceeds (JDJ is still the equitable owner thereof), is entitled to intervene herein as COMMERCE is certainly entitled to protect ***its own position*** with respect to the subject insurance proceeds. COMMERCE's position is not derivative of the rights of JDJ but, rather, is now the legal owner of the insurance proceeds thereof.

11.     Thus, unlike the situation raised in <u>Ionian</u>, COMMERCE BANK, N.A.'s right, title and interest are not identical to those of JDJ.  Although JDJ retains a significant interest in the subject mortgaged vessel and the proceeds of the insurance, i.e., its equity of redemption therein, at least up until the actual foreclosure sale by the Marshal, COMMERCE has been adjudicated as the legal owner thereof, in an amount sufficient to pay the amount of its obligations.  And, inasmuch as the total insurance proceeds payable under the policy are $500,000.00, and the amount of COMMERCE's lien claim has been adjudicated in the Foreclosure Order at $729,936.24, certainly, there will be absolutely no insurance proceeds payable to the borrower JDJ in the event that JDJ is entirely successful in this litigation.  In fact, **JDJ has no monetary incentive whatsoever to adequately represent COMMERCE's position in this litigation, as it will receive none of the insurance proceeds if successful.**

12.     For the reasons set forth hereinabove, the undersigned respectfully requests that this most Honorable Court, grant the Movant's application for leave to intervene.  Alternatively, and in the event that his most Honorable Court deems it wise to find

that the Movant cannot intervene on a mandatory basis, the undersigned requests that the application be amended, nunc pro tunc, to provide for a request for permissive intervention instead.

Dated:   January 8, 2008

                                             _____
                                             /s/ ALAN R. OSTROWITZ, AO7173