UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
RLI INSURANCE COMPANY,         07 Civ. 9546 (JBD)(HP)

                Plaintiff,

      -against-         **AMENDED COMPLAINT**

JDJ MARINE, INC.

                Defendant.
---------------------------------------------------X

      Plaintiff, RLI Insurance Company, by its attorneys, Nicoletti Hornig & Sweeney, as and for a complaint against the defendant JDJ Marine, Inc., alleges upon information and belief as follows:

### JURISDICTION

      1.    This action is filed under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

      2.    The following issues constitute questions of insurance coverage under an Admiralty or Maritime contract of insurance and thereby come within the Admiralty and Maritime jurisdiction of the United States District Court, pursuant to Title 28 U.S.C. §1333 et seq., and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court.

      3.    An actual controversy of a justiciable nature exists between plaintiff and defendant involving the rights and obligations under a marine contract of insurance and depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

## PARTIES

4. At all times relevant, plaintiff RLI Insurance Company ("RLI"), was and is an insurance company duly organized under and existing by virtue of the laws of the State of Illinois with a principal place of business at 9025 N. Lindbergh Drive, Peoria, Illinois 61615 and with an office and place of business at 1384 Broadway, 21st Floor, New York, New York 10018.

5. At all times relevant, defendant JDJ Marine, Inc. ("JDJ"), was and is a corporation or other business entity duly organized under and existing by virtue of, or otherwise licensed or authorized to do business under the laws of one of the states of the United States of America with an office and place of business at 113 Pallisade Avenue, Emerson, New Jersey 07630.

6. At all times relevant, defendant JDJ was and is the owner and operator of the excursion vessel DIPLOMAT ("M/V DIPLOMAT").

7. At all times relevant, Frenkel & Co., Inc. ("Frenkel") was and is a corporation or other business entity duly organized under and existing by virtue of the laws of the State of New York and duly licensed to conduct business as an insurance broker in the State of New York with an office and place of business at 1740 Broadway, 5th Floor, New York, New York 10019. Frenkel is not a party to this action.

8. At all times relevant, Frenkel was and is engaged in the business of brokering marine insurance and was and is the broker for defendant JDJ with regard to the marine policy issued by plaintiff RLI herein for the M/V DIPLOMAT.

9. At all times relevant, Frenkel was and is the agent of defendant JDJ.

## THE HULL POLICY

10. On or before May 15, 2007, Frenkel, on behalf of defendant JDJ, made application in New York to plaintiff RLI for hull and protection and indemnity insurance on the M/V DIPLOMAT.

11. Pursuant to and in reliance upon the application by Frenkel for defendant JDJ, RLI, on or about May 15, 2007, agreed to and bound Policy No. HUL0100185, which provided, among other things, hull and protection and indemnity insurance for the M/V DIPLOMAT, subject to the policy's terms and conditions, with a policy period from May 15, 2007, 12:01 a.m. Standard Time at place of issuance to May 15, 2008, 12:01 a.m. Standard Time at place of issuance. A true and complete copy of Policy No. HUL01000185 is attached hereto and incorporated herein as Exhibit "A".

12. Defendant JDJ is a named insured pursuant to the terms of Policy No. HUL0100185.

13. In and by the terms of Policy No. HUL0100185, with respect to hull coverage for the M/V DIPLOMAT, it was provided in pertinent part:

### AMERICAN INSTITUTE HULL CLAUSES

\* \* \*

**ASSURED**

This Policy insures JDJ Marine, Inc. hereinafter referred to as the Assured.

\* \* \*

**VESSEL**

The Subject Matter of this insurance is the Vessel called the [DIPLOMAT] or by whatsoever name or names the said Vessel is or shall be called, which for purposes of this insurance shall consist of

and be limited to her hull, launches, lifeboats, rafts, furniture, bunkers, stores, supplies, tackle, fittings, equipment, apparatus, machinery, boilers, refrigerating machinery, insulation, motor generators and other electrical machinery.

* * *

**AGREED VALUE**

The Vessel, for so much as concerns the Assured, by agreement between the Assured and the Underwriters in this Policy, is and shall be valued at 500,000 Dollars.

**AMOUNT INSURED HEREUNDER**

500,000 Dollars.

* * *

**PERILS**

Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of-War, Fire, Lightning, Earthquake, Enemies, Pirates, Rovers, Assailing Thieves, Jettisons, Letters of Mart and Counter-Mart, Surprisals, Takings at Sea, Arrests, Restraints and Detainments of all Kings, Princes and Peoples, of what nation, condition or quality soever, Barratry of the Master and Mariners and of all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof, excepting, however, such of the foregoing perils as may be excluded by provisions elsewhere in the Policy or by endorsement thereon.

* * *

**TOTAL LOSS**

In ascertaining whether the Vessel is a constructive Total Loss the Agreed Value shall be taken as the repaired value and nothing in respect of the damaged or break-up value of the Vessel or wreck shall be taken into account.

There shall be no recovery for a constructive Total Loss hereunder unless the expense of recovering and repairing the Vessel would exceed the Agreed Value. In making this determination, only

4

expenses incurred or to be incurred by reason of a single accident or a sequence of damages arising from the same accident shall be taken into account, but expenses incurred prior to tender of abandonment shall not be considered if such are to be claimed separately under the Sue and Labor clause.

In the event of Total Loss (actual or constructive), no claim to be made by the Underwriters for freight, whether notice of abandonment has been given or not.

In no case shall the Underwriters be liable for unrepaired damage in addition to a subsequent Total Loss sustained during the period covered by this Policy.

**SUE AND LABOR**

And in case of any Loss or Misfortune, it shall be lawful and necessary for the Assured, their Factors, Servants and Assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the Vessel, or any part thereof, without prejudice to this insurance, to the charges whereof the Underwriters will contribute their proportion as provided below. And it is expressly declared and agreed that no acts of the Underwriters or Assured in recovering, saving or preserving the Vessel shall be considered as a waiver or acceptance of abandonment.

In the event of expenditure under the Sue and Labor clause, the Underwriters shall pay the proportion of such expenses that the amount insured hereunder bears to the Agreed Value, or that the amount insured hereunder (less loss and/or damage payable under this Policy) bears to the actual value of the salved property, whichever proportion shall be less; provided always that their liability for such expenses shall not exceed their proportionate part of the Agreed Value.

If claim for Total Loss is admitted under this Policy and sue and labor expenses have been reasonably incurred in excess of any proceeds realized or value recovered, the amount payable under this Policy will be the proportion of such excess that the amount insured hereunder (without deduction for loss or damage) bears to the Agreed Value or to the sound value of the Vessel at the time of the accident, whichever value was greater; provided always that Underwriters' liability for such expenses shall not exceed their proportionate part of the Agreed Value. The foregoing shall also apply to expenses reasonably incurred in salving or attempting to

salve the Vessel and other property to the extent that such expenses shall be regarded as having been incurred in respect of the Vessel.

* * *

**CHANGE OF OWNERSHIP**

In the event of any change, voluntary or otherwise, in the ownership or flag of the Vessel, or if the Vessel be placed under new management, or be chartered on a bareboat basis or requisitioned on that basis, or if the Classification Society of the Vessel or her class therein be changed, cancelled or withdrawn, then, unless the Underwriters agree thereto in writing, this Policy shall automatically terminate at the time of such change of ownership, flag, management, charter, requisition or classification; provided, however, that:

1. If the Vessel has cargo on board and has already sailed from her loading port, or is at sea in ballast, such automatic termination shall, if required, be deferred until arrival at final port of discharge if with cargo, or at port of destination if in ballast;

2. In the event of an involuntary temporary transfer by requisition or otherwise, without the prior execution of a written agreement by the Assured, such automatic termination shall occur fifteen (15) days after such transfer.

This insurance shall not inure to the benefit of any transferee or charterer of the Vessel and, if a loss payable hereunder should occur between the time of change or transfer and any deferred automatic termination, the Underwriters shall be subrogated to all of the rights of the Assured against the transferee or charterer in respect of all or part of such loss as is recoverable from the transferee or charterer, and in the proportion which the amount insured hereunder bears to the Agreed Value.

The term "new management" as used above refers only to the transfer of the management of the Vessel from one firm of corporation to another, and it shall not apply to any internal changes within the offices of the Assured.

14. In and by the terms of Policy No. HUL0100185, it was also provided in pertinent part:

6

## TOTAL LOSS ONLY ENDORSEMENT

This policy shall provide Total Loss Only coverage. Hull deductible applicable for General Average, Salvage and Sue & Labor

### FINAL JUDGMENT AND ORDER OF ARREST OF VESSEL AND POSSESSION OF COLLATERAL

15. On or about October 10, 2006, Commerce Bank, N.A. ("Commerce") commenced an action in the District Court for the Southern District of New York (Docket No. 06 civ. 8301) against JDJ and the M/V DIPLOMAT, among others, to recover certain defaulted debts which remained due and outstanding in the amount of $805,242.32. Among the collateral involved in that action was a Preferred Ship Mortgage on the M/V DIPLOMAT.

16. By Order dated April 20, 2007, the Hon. Gerard E. Lynch entered a Final Judgment and Order of Arrest of Vessel and Possession of Collateral. A true and complete copy of the same is attached hereto and incorporated herein as Exhibit "B". Pursuant to this Order, JDJ was foreclosed of any and all right, title and/or interest in the M/V DIPLOMAT. Furthermore, Commerce was entitled to arrest and seize the vessel.

17. Neither JDJ nor Frankel, its agent, advised RLI during the insurance application process of (1) the aforementioned suit filed by Commerce; or (2) the Final Judgment and Order of Arrest of Vessel and Possession entered by the Hon. Gerard E. Lynch on April 20, 2007. Both of these facts were known by JDJ and/or Frankel during the insurance application process and prior to RLI's issuance of Policy No. HUL0100185 on May 15, 2007.

18. Had RLI been made aware of either of these facts, which are material to RLI's assessment of the risks insured, RLI would not have agreed to issue Policy No. HUL0100185.

19. Upon information and belief, Commerce took ownership and/or possession of the M/V DIPLOMAT pursuant to the Final Judgment and Order of Arrest of Vessel and Possession of Collateral dated April 20, 2007, prior to the RLI's issuance of Policy No. HUL0100185 and/or the date of the loss which is the subject of this action.

## BACKGROUND FACTS REGARDING CLAIM

20. At all relevant times, the M/V DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey.

21. On or about July 2, 2007, while the M/V DIPLOMAT was docked at her marina, it was discovered that the engine room and/or compartments in the aft of the vessel had become partially flooded.

22. The source of the ingress of the water has not been located or determined.

23. At all times immediately prior to the discovery of the ingress of water into the M/V DIPLOMAT and throughout the time of her partial flooding, the vessel was at all times tied to a dock and the weather and sea conditions were calm.

24. As a result of the water found in the M/V DIPLOMAT on or about July 2, 2007, defendant JDJ made a claim under Policy No. HUL0100185.

25. In support of its claim, defendant JDJ submitted to RLI an estimate dated August 8, 2007 from Master Marine Services which calculated total repair and replacement costs related to the water ingress to be $106,152.04.

26. Since the partial flooding was discovered on or about July 2, 2007, defendant JDJ has made no efforts pursuant to the terms of Policy No. HUL0100185 to Sue and Labor the damage to the areas, machinery, engines and other vessel components which were exposed to the water ingress.

27. As a result of further alleged damage sustained by the M/V DIPLOMAT which was solely caused by defendant JDJ's failure to Sue and Labor pursuant to the terms of Policy No. HUL0100185, defendant JDJ submitted a revised estimate from Master Marine Services, which purportedly calculated total repair and replacement costs to be $524,405.57.

28. Defendant JDJ now claims the vessel to be a constructive total loss based upon the revised estimate from Master Marine Services.

29. Plaintiff RLI disputes the defendant's allegation that the cost of recovery and repair exceeds the insured value and therefore disputes that the vessel is a total loss, constructive or otherwise.

30. By this action, RLI declines defendant JDJ's claims for the damages sustained by the M/V DIPLOMAT based on the presently known facts and law for the reasons stated herein.

## AS AND FOR A FIRST CAUSE OF ACTION

31. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "30" inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

32. The alleged damages to the M/V DIPLOMAT as a result of the water found in her on or about July 2, 2007, were not caused by, and/or did not arise out of, an insured event under Policy No. HUL0100185.

33. The alleged damages to the M/V DIPLOMAT as a result of the water found in her on or about July 2, 2007, were not caused by, and/or did not arise out of, a fortuitous event.

34. By virtue of the foregoing premises, RLI is not liable under Policy No. HUL0100185 with respect to JDJ's claim for the total loss of the M/V DIPLOMAT.

## AS AND FOR A SECOND CAUSE OF ACTION

35. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "34", inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

36. The M/V DIPLOMAT sank at her dock in calm weather and sea conditions.

37. Under the law, when a vessel sinks in calm weather, a presumption exists that the vessel was unseaworthy and that the cause of the sinking was the unseaworthiness of the vessel.

38. The M/V DIPLOMAT was unseaworthy at the time she sank and her sinking was the result of such unseaworthiness.

39. Therefore, the sinking of the M/V DIPLOMAT was not caused by, and/or did not arise out of, a fortuitous event.

40. By virtue of the foregoing premises, RLI is not liable under Policy No. HUL0100185 with respect to JDJ's claims for the total loss of the M/V DIPLOMAT.

## AS AND FOR A THIRD CAUSE OF ACTION

41. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "40" inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

42. Policy No. HUL0100185 provides coverage for the hull of the M/V DIPLOMAT, subject to all of the policies terms and conditions, on a Total Loss basis only.

43. Defendant JDJ has failed to make any showing whatsoever that the M/V DIPLOMAT sustained an actual and/or constructive total loss, as required under the terms of Policy No. HUL0100185, when the engine room and/or aft compartments of the vessel were partially flooded.

44. Defendant JDJ has failed to make any showing whatsoever that the expense of recovering and repairing the M/V DIPLOMAT as a result of the partial flooding sustained on or about July 2, 2007, would exceed the Agreed Value of $500,000.00.

45. By virtue of the foregoing premises, RLI is not liable under Policy No. HUL0100185 with respect to JDJ's claim for the total loss of the M/V DIPLOMAT as a result of her partial flooding on or about July 2, 2007.

### AS AND FOR A FOURTH CAUSE OF ACTION

46. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "45" inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

47. JDJ's and/or Frankel's failure to disclose to RLI during the insurance application process that (1) Commerce had filed suit against JDJ and the M/V DIPLOMAT for outstanding debts; and/or (2) the Hon. Gerard E. Lynch had entered a Final Judgment and Order of Arrest of Vessel and Possession of Collateral on April 20, 2007, violated the doctrine of uberrimae fidei, which renders the policy void ab initio, and therefore RLI is not liable for any claims under the policy for the loss sustained by the M/V DIPLOMAT on or about July 2, 2007.

48. Since Policy No. HUL0100185 is null and void _ab initio_ and no coverage under the policy came into effect, RLI will tender to JDJ a return of premium for the hull and protection and indemnity coverage under the subject policy.

### AS AND FOR A FIFTH CAUSE OF ACTION

49. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "48" inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

50. Pursuant to the Final Judgment and Order of Arrest of Vessel and Possession of Collateral entered by the Hon. Gerard E. Lynch on April 20, 2007, JDJ did not have an insurable interest in the M/V DIPLOMAT at the time RLI issued Policy No. HUL0100185 on May 15, 2007.

51. JDJ's lack of insurable interest renders the policy void _ab initio_, and therefore RLI is not liable for any claims under the policy for the loss sustain by the M/V DIPLOMAT on or about July 2, 2007.

52. Since Policy No. HUL0100185 is null and void _ab initio_ and no coverage under the policy came into effect, RLI will tender to JDJ a return of premium for the hull and protection and indemnity coverage under the subject policy.

### AS AND FOR A SIXTH CAUSE OF ACTION

53. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "52" inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

54. Pursuant to the Final Judgment and Order of Arrest of Vessel and Possession of Collateral entered by the Hon. Gerard E. Lynch on April 20, 2007, Commerce took ownership of M/V DIPLOMAT prior to the loss which is the subject of this action.

55. Upon this change of ownership, Policy No. HUL0100185 was terminated as set forth by the policy's terms and conditions, and therefore RLI is not liable for any loss sustained by the M/V DIPLOMAT on or about July 2, 2007.

56. Since Policy No. HUL0100185 was terminated prior to the loss, RLI hereby tenders to JDJ a return of premium for the hull and protection and indemnity coverage under the subject policy in an amount to be determined by the Court from the date that Commerce obtained ownership of the M/V DIPLOMAT.

## AS AND FOR A SEVENTH CAUSE OF ACTION

57. RLI repeats and realleges each and every allegation set forth in paragraphs "1" through "56", inclusive of this Amended Complaint with the same force and effect as if more fully set forth herein.

58. Since the partial flooding was discovered on or about July 2, 2007, defendant JDJ has made no efforts pursuant to the terms of Policy No. HUL0100185 to Sue and Labor the damage to the areas, machinery, engines and other vessel components which were exposed to the water ingress.

59. If the vessel is either an actual and/or constructive total loss under the terms of Policy No. HUL0100185, which is denied, it is solely the result of defendant JDJ's failure to Sue and Labor pursuant to the terms of Policy No. HUL0100185 the areas of the vessel affected by the ingress of water.

60. By virtue of the foregoing premises, RLI is not liable under Policy No. HUL0100185 with respect to JDJ's claims for the total loss of the M/V DIPLOMAT.

WHEREFORE, plaintiff RLI Insurance Company prays for judgment against defendant JDJ Marine, Inc. as follows:

A. in favor of plaintiff and against defendant on the First Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT by reason that the alleged losses did not result from a fortuitous event;

B. in favor of plaintiff and against defendant on the Second Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT by reason that the M/V DIPLOMAT was unseaworthy at the time of the sinking;

C. in favor of plaintiff and against defendant on the Third Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT by reason that the defendant cannot sustain its burden of proving that the vessel sustained either an actual or constructive total loss covered under the Policy;

D. in favor of plaintiff and against defendant on the Fourth Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT

by reason that the defendant violated the doctrine of <u>uberrimae fidei</u> which renders Policy No. HUL0100185 void <u>ab initio</u>;

E.  in favor of plaintiff and against defendant on the Fifth Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT by reason that the defendant did not have an insurable interest in vessel at the inception of the policy which renders Policy No. HUL0100185 void <u>ab initio</u>;

F.  in favor of plaintiff and against defendant on the Sixth Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT by reason that the policy terminated when there was a change of ownership in the M/V DIPLOMAT to Commerce Bank, N.A.;

G.  in favor of plaintiff and against defendant on the Seventh Cause of Action for judgment declaring that there is no coverage under Policy No. HUL0100185 for the alleged damages to the vessel M/V DIPLOMAT because defendant failed to comply with and/or breached its obligations under the Sue and Labor provision of the Policy; and

H.  in favor of plaintiff for such other and further relief that this Court may deem just and proper, together with costs and disbursements of this action.

Dated:    New York, New York
            January 2, 2008

                              NICOLETTI HORNIG & SWEENEY
                              *Attorneys for Plaintiff*
                              *RLI INSURANCE COMPANY*

                  By:    _[signature]_
                           John A. V. Nicoletti (JN-7174)
                           Wall Street Plaza
                           88 Pine Street, 7th Floor
                           New York, New York 10005-1801
                           Tel: (212) 220-3830
                           Fax: (212) 220-3780
                           E-mail: jnicoletti@nicolettihornig.com
                           (FILE NO.: 70000202 JAVN/NN/GSR)

TO:

Fricke & Solomon
*Attorneys for Defendant*
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:     (718) 984-2626
Fax:    (718) 984-5820
E-mail:  rfricke@metrolaw.com


Ostrowitz & Ostrowitz, Esqs.
*Attorneys for COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:     (212) 509-2800
Fax:    (732) 446-5837
E-mail:  ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

X:\Public Word Files\7\202\Legal\AMENDED COMPLAINT.1.2.08.mm.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                                  : S.S.:
COUNTY OF NEW YORK)

MICHELLE MANISCALCO, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff. I am not a party to this action, am over 18 years of age and reside in Kings County, New York.

2. On January 2, 2008, I served the annexed **AMENDED COMPLAINT** upon the following:

Fricke & Solomon
*Attorneys for Defendant*
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:    (718) 984-2626
Fax:    (718) 984-5820
E-mail:  rfricke@metrolaw.com

Ostrowitz & Ostrowitz, Esqs.
*Attorneys for COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:    (212) 509-2800
Fax:    (732) 446-5837
E-mail:  ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

3. On January 2, 2008, I also served a true copy of the annexed **AMENDED COMPLAINT** upon:

<u>**VIA TELEFAX (718) 984-5820**</u>
Fricke & Solomon
*Attorneys for Defendant*
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:    (718) 984-2626
E-mail:  rfricke@metrolaw.com

<u>**VIA TELEFAX (732) 446-5837**</u>
Ostrowitz & Ostrowitz, Esqs.
*Attorneys for COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:    (212) 509-2800
E-mail:  ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

by transmitting a true copy of the papers by telefax transmission to the above-noted telefax numbers designated by said attorneys.

_____
MICHELLE MANISCALCO

Sworn to before me this
2nd day of January, 2008

_____
Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20__

2