# EXHIBIT "B"

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 13
DATE FILED: 4/20/07

At the United States District Court held in and for the Southern District of New York, at the Courthouse, 500 Pearl Street, in the City, County and State of New York, on this   day of March, 2007

---------------------------------x

COMMERCE BANK, N.A.,

      Plaintiff,

CASE NO.: 06 CIV 8301 (GBD)

Civil Action

FINAL JUDGMENT AND
ORDER OF ARREST OF VESSEL
AND POSSESSION OF COLLATERAL

-vs-

JDJ MARINE, INC. DBA LEISURE YACHT CHARTERS, DAVID E. SOMMERHALTER, PAULETTE SOMMERHALTER, JOSEPH N. TURI, JEAN TURI, and JDJ MARINE, INC. DBA LEISURE YACHT CHARTERS, DAVID E. SOMMERHALTER, PAULETTE SOMMERHALTER, JOSEPH N. TURI AND JEAN TURI, and DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, YEAR BUILT 1930, PIER 84, WEST 43RD STREET, NEW YORK, NEW YORK and Her Engines, Boilers, etc.,

      Defendants.

---------------------------------x

  THIS MATTER being opened to the Court upon the

application of the plaintiff, COMMERCE BANK, N.A., by its attorneys, OSTROWITZ & OSTROWITZ, ESQS., and upon all of the prior papers and proceedings heretofore had herein, and the plaintiff having pleaded and proven the elements of its causes of action, and no appearance having been made by the defendants with respect thereto, nor has an Answer been filed on behalf of any of the defendants herein, and good cause appearing therefor,

NOW, upon reading and filing the Order to Show Cause, the Affirmations of ALAN R. OSTROWITZ, ESQ., dated the 27th day of February, 2007, together with the Summons and Verified Complaint, and proof of due service thereof, and there being no answer filed, request for an extension of time or opposition with respect thereto, it is,

ORDERED AND ADJUDGED, that the defendants, jointly and severally, and each and all of them, be and they hereby are foreclosed of any and/or all right, title and/or interest in and/or to the subject personal property collateral, described more fully hereinafter and, additionally, the defendants be and the same hereby are foreclosed of any and/or all right, title and/or interest in and or to the Federally documented vessel, pursuant to the plaintiff's Preferred Ship's Mortgage, i.e., DIPLOMAT MOTOR YACHT,

OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, YEAR BUILT 1930, PIER 84, WEST 43RD STREET, NEW YORK, NEW YORK and Her Engines, Boilers, together with all log books, manuals, trip records, maintenance records, inspection reports, seaworthiness certificates, and other historical records or information relating to the vessel, all accounts, general intangibles, instruments, monies, payments and all other rights, arising out of a sale, lease or other disposition of any of the property described in the collateral section of the Preferred Ship Mortgage, all proceeds, records and data relating to the foregoing, etc., and, further, in addition thereof, said defendants be and hereby are justly indebted to the plaintiff in the sum of $729,936.24, together with interest thereon at the rate of $191.78 per diem, to the date of entry of Judgment, and counsel fees in the sum of $7,370.00, and costs and disbursements, thereby aggregating the total sum of $739,424.19, calculated through and including March 1, 2007, for which sum Judgment in favor of the plaintiff and against the defendants is hereby entered; and, it is further,

ORDERED AND ADJUDGED, that JDJ MARINE, INC. DBA LEISURE YACHT CHARTERS, DAVID E. SOMMERHALTER, PAULETTE SOMMERHALTER, JOSEPH N. TURI and JEAN TURI, shall promptly and forthwith, upon service of the

within Order and Judgment, turn over to the plaintiff, the collateral, as the same is more fully described in the Complaint herein, and/or the products and proceeds thereof, i.e., equipment and machinery, including power-driven machinery and equipment, furniture and fixtures now owned or hereafter acquired, together with all replacements thereof, all attachments, accessories, parts and tools belonging thereto or for use in connection therewith, all inventory, raw materials, work in process and supplies now owned or hereinafter acquired, all accounts receivable now outstanding or hereafter arising, all contract rights and general and tangibles now in force or hereafter acquired, all instruments and chattel paper now owned or hereinafter acquired; and it is further,

ORDERED AND ADJUDGED, that the plaintiff has a valid, perfected security interest and lien in and on the collateral and/or the products and proceeds thereof, presently in possession of the defendants, as the same is described more fully in the Complaint, and the plaintiff herein is hereby given leave to hire such agents and representatives as are necessary to remove the collateral from the premises of the defendants, or wherever else the same may be located, without force, restraint or otherwise disturbing the peace, and the plaintiff is hereby given leave to

- 4 -

remove the collateral from its present location and, further, said defendants be and they hereby are foreclosed and any and/or all right, title and/or interest, in and/or to the subject collateral; and, it is further,

ORDERED AND ADJUDGED, that, by virtue of the defaults of the defendants, the plaintiff is entitled to the immediate arrest and seizure of the said vessel, i.e., DIPLOMAT MOTOR YACHT, OFFICIAL NUMBER D229917, GROSS TONNAGE 99, NET TONNAGE 67, YEAR BUILT 1930, PIER 84, WEST 43RD STREET, NEW YORK, NEW YORK and Her Engines, Boilers, etc., together with all log books, manuals, trip records, maintenance records, inspection reports, seaworthiness certificates, and other historical records or information relating to the vessel, all accounts, general intangibles, instruments, monies, payments and all other rights, arising out of a sale, lease or other disposition of any of the property described in the collateral section of the Preferred Ship Mortgage, all proceeds, records and data relating to the foregoing, etc., and the United States Marshal for the Southern District of New York, or any other District in which the subject vessel may be found, shall immediately seize and arrest the subject vessel, and expose the same for sale to satisfy the plaintiff's judgment and claims which are set forth herein; and, it is further,

ORDERED AND ADJUDGED, that in order to execute the within Judgment, the plaintiff is further given leave to deliver a copy of the within Judgment, certified as a true copy by the attorneys for the plaintiff, to any Officer of this Court within the Distict having jurisdiction thereof to execute the within Judgment without further Order or process of this Court and said Officer may remove the collateral and/or the products and proceeds thereof from the premises of the defendants, or wherever else the same may be located, by the use of such reasonable force, restraint or otherwise as may be necessary in order to remove the said collateral from its present location; and, it is further,

ORDERED AND ADJUDGED, that upon receipt of the said collateral as aforesaid, the plaintiff may sell, lease or otherwise dispose of the said collateral in a commercially reasonable manner and/or apply the products and proceeds thereof to satisfy the obligation due and owing to the plaintiff hereunder, and, in addition thereto, such additional fees, costs and/or disbursements caused by the repossession of the collateral pursuant to the terms hereof; and, it is further,

ORDERED AND ADJUDGED, that, following such sale, lease or

other disposition of the collateral and/or application of the products and proceeds as aforesaid, the defendants shall be liable for any deficiency balance remaining, for which sum the plaintiff may apply to this Court upon affidavit, ex parte, for such additional sum, if any; and, it is further,

ORDERED AND ADJUDGED, that the defendants, their agents, servants, representatives and all other persons, known or unknown, acting in their behalf or in concert with them, or any of them, be and they hereby are permanently restrained and enjoined from transferring, assigning, secreting or otherwise moving the collateral or dealing with the products and proceeds thereof subject herein from the location set forth in the security agreement, creating any rights in said property, or otherwise dealing with same; and, it is further,

ORDERED AND ADJUDGED, that the plaintiff may, if so elects, sell the subject collateral at public auction, in accordance with the usual rules and regulations of the public auctioneer, and the collateral may be struck off at the highest and best price obtained at such public auction, and said auction shall be deemed by this Court to have been conducted in a commercially reasonable manner; and, it is further,

ORDERED AND ADJUDGED, that the plaintiff may either take possession of the collateral pursuant to the provisions of this Order and Judgment, and/or may deliver an Execution to the Marshal for the amount set forth hereinabove, as the plaintiff may so elect.

Dated: New York, New York
~~March~~ April 20, 2007

_____
HON. GERARD E. LYNCH, U.S.D.J.

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 4/23/07

- 8 -