# *Nicoletti Hornig & Sweeney*

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
THOMAS M. RITTWEGER †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †

LAWRENCE C. GLYNN †
VAL WAMSER †
KEVIN J.B. O'MALLEY
GUERRIC S.D.L. RUSSELL †
WILLIAM M. FENNELL
MICHAEL J. LARSON ▽
SCOTT D. CLAUSEN †
JANA SPERRY † ◊

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
▽ ALSO ADMITTED IN CONNECTICUT
◊ ALSO ADMITTED IN NORTH CAROLINA

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

MICHAEL MARKS COHEN
LINDA D. LIN
OF COUNSEL

NEW JERSEY OFFICE:
401 CONTINENTAL PLAZA
HACKENSACK, NEW JERSEY 07601
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

January 11, 2008

**BY HAND DELIVERY**

Honorable George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   RLI Insurance Company vs. JDJ Marine, Inc.
      Case No.:   07-cv-09546-GBD
      Our File:   70000202 JAVN/NN/GSR

Dear Judge Daniels:

　　　　We represent plaintiff RLI Insurance Company ("RLI") in the above-referenced matter.

　　　　We write to request the Court's permission to file the enclosed sur-reply memorandum of law in further opposition to the motion filed by Commerce Bank, N.A. ("Commerce") to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, which was returnable on January 10, 2008. We respectfully request that the Court consider RLI's sur-reply because Commerce raised new arguments and has also made several misstatements in its reply papers. For instance, Commerce now seeks to amend its motion to include a request for permissive intervention, a relief which was not raised in its original motion papers. The purpose of the sur-reply is to provide RLI with an opportunity to set the record straight and address Commerce's new arguments and request for relief.

January 11, 2008
Page 2

      We also wish to advise the Court that we contacted Commerce's counsel this morning by telephone and this afternoon via e-mail to obtain their consent to file this pleading. However, we have not received a response to our request.

      We thank the Court for its time and consideration of this matter.

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY

By: *[signature]*

John A.V. Nicoletti

JAVN/GSR/s/mm
Enclosure

cc:

**BY FAX and FIRST CLASS MAIL**
Richard M. Fricke (RF-7486)
Fricke & Solomon
*Attorneys for Defendant*
*JDJ MARINE, INC.*
622 Barlow Avenue
Staten Island, New York 10312
Tel:   718-984-2626
Fax:   718-984-5820
E-mail:rfricke@metrolaw.com

**BY FAX and FIRST CLASS MAIL**
Alan R. Ostrowitz (AO-7173)
Ostrowitz & Ostrowitz, Esqs
*Attorneys for COMMERCE BANK, N.A.*
150 Broadway, Suite 2206
New York, New York 10038
Tel:   212-509-2800
Fax:   732-446-5837
E-mail:ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

X:\Public Word Files\7\202\Honorable Daniels letter 01.10.08.gsr.s.mm.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RLI INSURANCE COMPANY,                    07 Cv. 9546 (JBD)(HP)

                Plaintiff,

      -against-

JDJ MARINE, INC.,

                Defendant.
------------------------------------------------------X

## SUR-REPLY MEMORANDUM OF LAW
## IN OPPOSITION TO COMMERCE BANK'S
## MOTION TO INTERVENE

Of Counsel:   John A.V. Nicoletti
                    Nooshin Namazi
                    Guerric S.D.L. Russell

This Sur-Reply Memorandum of Law is respectfully submitted on behalf of RLI Insurance Company (hereinafter "RLI") in further opposition to the motion by Commerce Bank, N.A. (hereinafter "Commerce") to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

RLI apologizes in advance for burdening the Court with an additional submission in connection with this motion. However, Commerce has made several misstatements and <u>raised new arguments</u> in its Reply papers relating to (1) the Amended Complaint; (2) Commerce's interest in any proceeds of the policy at issue; and (3) the type of relief sought in the instant motion, which compels RLI to correct the record.

## I.  RLI FILED ITS AMENDED COMPLAINT ON JANUARY 2, 2008

Despite the fact that the Amended Complaint was filed on January 2, 2008, and Commerce should know this fact, for some unknown reason Commerce incorrectly contends that RLI misrepresented to the parties that it had filed an Amended Complaint. *See*, Ostrowitz Reply Aff. ¶¶ 1-2. Although this contention has no bearing on Commerce's motion to intervene as of right, RLI is compelled to set the record straight. RLI filed an Amended Complaint on January 2, 2008, and attached a <u>stamped filed copy</u> of the Amended Complaint as Exhibit "3" to the Affidavit of John A.V. Nicoletti dated January 4, 2008, and submitted the same as part of RLI's opposition to the instant motion. *See*, Docket No. 12. On January 2, 2008, RLI also served JDJ and provided a courtesy copy of the Amended Complaint to Commerce's counsel. In this regard, Commerce's reliance on the electronic docket is unavailing as the electronic docket reflects that RLI filed an Amended Complaint on January 2, 2008. *See*, Docket No. 16. Commerce also complains that an Amended Answer has not been filed, but JDJ has timely filed its Answer (on

1

January 3, 2008, Docket No. 11) and it is still within its time to file an Answer to the Amended Complaint.

## II. COMMERCE FAILS TO SUSTAIN ITS BURDEN THAT JDJ WILL NOT ADEQUATELY PROTECT ITS INTERESTS

Commerce contends that its "position is not <u>derivative</u> of the rights of JDJ but, rather, Commerce is <u>now</u> the legal owner of the insurance proceeds thereof." *See,* Ostrowitz Reply Aff. ¶ 10. Therefore, Commerce contends it has a <u>direct</u> right to the insurance contract.

First, Commerce's claim makes no sense. The Final Judgment and Order of Arrest of Vessel and Possession of Collateral dated April 20, 2007 (herein after the "Commerce Judgment") was entered <u>prior</u> to the inception of the RLI policy, and as such, it cannot apply to the RLI Policy, which was not in existence at the time that the Commerce Judgment was entered.

Moreover, Commerce's interest or position relative to the RLI insurance contract is most certainly derivative because Commerce is neither a <u>Named Insured</u>, <u>Additional Insured</u>, or a <u>Loss Payee</u> under the RLI Policy. Commerce is at best entitled to the "<u>proceeds</u>," which means, to the extent JDJ recovers money on its claim, then Commerce is entitled to the proceeds. The fact that at the time of binding and issuance of the Policy, JDJ materially misrepresented the "legal ownership" status of Commerce, does not <u>now</u> make Commerce a substituted insured under the Policy.

The point which Commerce fails to acknowledge, is that one of the necessary elements of intervention as of right, which must be satisfied, is whether JDJ is adequately represented. Here, JDJ has retained independent counsel to represent its interests. JDJ's counsel has filed an Answer to the Complaint. JDJ's counsel has advised that he intends to file an Answer to the Amended Complaint as well. Thus, there is no basis for the Court to believe that

JDJ, or Commerce's interests for that matter, will not be adequately represented. Failure to satisfy this element requires denial of Commerce's application to intervene in this action.

Furthermore, Commerce's attempt to distinguish *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186 (2d Cir. 1970), is unavailing. Commerce's interest is nothing more than a mortgagee who has an interest in the RLI insurance "proceeds" at issue. This is exactly the same position Allied Chemical stood in when the Second Circuit held that the mortgagee interest was not entitled to intervene as of right in a coverage dispute between the insurer and insured/mortgagor. *Id.*

Despite Commerce's arguments to the contrary, the Commerce Judgment does not change the fact that its interest are derivative to JDJ. Further, the fact that Commerce has admittedly failed to act upon the Commerce Judgment only confirms that Commerce is nothing more than a mortgagee interest. Thus, Commerce's interests are identical to that of Allied Chemical in *Ionian Shipping*.

Commerce also conveniently fails to acknowledge that the Commerce Judgment not only awards Commerce other assets apart from the M/V DIPLOMAT and related insurance proceeds, but it also entitles the bank to recover its $729,936.24 from several different parties, not just JDJ. Thus, there is no evidence to support Commerce's claim that it will ultimately collect the entire amount JDJ may recover from its insurance claim in this action.

### III. COMMERCE SHOULD NOT BE ENTITLED TO AMEND ITS MOTION TO ALSO SEEK PERMISSIVE INTERVENTION

Commerce's casual attempt to seek <u>new</u> and additional relief for permissive intervention for the first time in Mr. Ostrowitz's <u>reply</u> affirmation (the very last line sentence thereof) should not be entertained by the Court. Not only is this issue outside of the scope of the instant motion to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil

Procedure, but Commerce has not alleged one reason why it should be entitled to permissive intervention. In fact, Commerce has not even claimed that it satisfies the burden for permissive intervention. It would be prejudicial to RLI for the Court to entertain this new request for relief, as RLI has not been given the opportunity to oppose permissive intervention on the merits. Accordingly, the Court should deny Commerce's request to amend its application to include a request for permissive intervention.

In light of the foregoing, the Court should deny Commerce Bank's Motion to Intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
        January 11, 2008

>                               NICOLETTI HORNIG & SWEENEY
>                               Attorneys for Plaintiff RLI Insurance Company
>
>                       By:     *John A.V. Nicoletti*
>                               John A.V. Nicoletti (JN-7174)
>                               Wall Street Plaza
>                               88 Pine Street, 7th Floor
>                               New York, New York 10005
>                               Tel: 212-220-3830
>                               Fax: 212-220-3780
>                               E-mail: jnicoletti@nicolettihornig.com
>                               70000202 JAVN/NN/GSR

TO:

Fricke & Solomon
Attorneys for Defendant
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:   718-984-2626
Fax:   718-984-5820
E-mail: rfricke@metrolaw.com

4

Ostrowitz & Ostrowitz, Esqs
Attorneys for *COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:   212-509-2800
Fax:   732-446-5837
E-mail:ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

X:\Public Word Files\7\202\Legal\Sur-Reply Memorandum of law opposition to intervene.gsr.mm.1.11.08.doc

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                          : S.S.:
COUNTY OF NEW YORK)

MICHELLE MANISCALCO, being duly sworn, deposes and says:

1. I am employed by the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff. I am not a party to this action, am over 18 years of age and reside in Kings County, New York.

2. On January 11, 2008, I served the annexed **SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO COMMERCE BANK'S MOTION TO INTERVENE** upon the following:

Fricke & Solomon
*Attorneys for Defendant*
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:     (718) 984-2626
Fax:    (718) 984-5820
E-mail:   rfricke@metrolaw.com

Ostrowitz & Ostrowitz, Esqs.
*Attorneys for COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:     (212) 509-2800
Fax:    (732) 446-5837
E-mail:   ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

3.  On January 11, 2008, I also served a true copy of the annexed **SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO COMMERCE BANK'S MOTION TO INTERVENE** upon:

**VIA TELEFAX (718) 984-5820**
Fricke & Solomon
*Attorneys for Defendant*
*JDJ MARINE, INC.*
Richard M. Fricke (RF-7486)
622 Barlow Avenue
Staten Island, New York 10312
Tel:   (718) 984-2626
E-mail:  rfricke@metrolaw.com

**VIA TELEFAX (732) 446-5837**
Ostrowitz & Ostrowitz, Esqs.
*Attorneys for COMMERCE BANK, N.A.*
Alan R. Ostrowitz (AO-7173)
150 Broadway, Suite 2206
New York, New York 10038
Tel:   (212) 509-2800
E-mail:  ostrow.law@verizon.net

Requested papers to be sent to:
225 Gordons Corner Road, Suite 1-J
Manalapan, New Jersey 07726

by transmitting a true copy of the papers by telefax transmission to the above-noted telefax numbers designated by said attorneys.

_____
MICHELLE MANISCALCO

Sworn to before me this
11th day of January, 2008

_____
Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20___

2