FRICKE & SOLOMON, P.C.
Richard M. Fricke    (RF7486)
Attorneys for Defendant
622 Barlow Avenue
Staten Island, New York   10312
Telephone:   718-984-2626
Telecopier:   718-984-5820
Attorneys for defendant, JDJ Marine, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
...............................................................................x
RLI INSURANCE COMPANY,                                07 CV. 9546 (JBD)

                               Plaintiff,           **ANSWER
                                                      OF JDJ MARINE, INC.
                                                      TO AMENDED
                                                      COMPLAINT**

JDJ MARINE, INC.

                               Defendant.
...............................................................................x

      Defendant JDJ MARINE, INC.   ("JDJ") , by its undersigned counsel, Fricke and Solomon, P.C.,   answering the Amended Complaint   of plaintiff RLI INSURNACE COMPANY ("RLI") , states and alleges, on information and belief the following.

**JURISDICTION**

      1.     JDJ admits that RLI seeks a declaratory judgment in this action to determine RLI's rights and obligations under the Policy  it issued to JDJ.  JDJ admits that it asserts that damages sustained by its vessel THE DIPLOMAT MOTOR YACHT (THE DIPLOMAT) as a result of an incident that occurred on July 1, 2007, are recoverable under the Policy.  Except as  specifically admitted herein, JDJ denies the allegations contained in paragraph 1 of RLI's Amended Complaint.

      2.     Paragraph 2 of RLI's Amended Complaint states a legal conclusion and therefore requires no response,  but to the extent that any response is required,  the allegations contained therein are denied.

3.  JDJ admits the allegations contained in paragraph 3 of RLI's Amended Complaint.

## PARTIES

4.  JDJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of RLI's Amended Complaint.

5.  JDJ admits that at all material times it was and is a corporation organized under and existing by virtue of the laws of one of the states of the United States, that it had and has a principal place of business at 113 Palisade Avenue, Emerson, New Jersey 07630.

6.  JDJ admits that at all material times it was the operator of THE DIPLOMAT.

7.  JDJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of RLI's Amended Complaint.

8.  JDJ denies the allegations contained in paragraph 8 of RLI's Amended Complaint, except that it admits that Frenkel & Co. Inc., acting on its behalf, applied to RLI for marine insurance coverage.

9.  JDJ denies the allegations contained in paragraph 9 of RLI's Amended Complaint, except that it admits that Frenkel & Co. Inc., acting on its behalf, applied to RLI for marine insurance coverage.

## THE HULL POLICY

10.  JDJ denies the allegations contained in paragraph 10 of RLI's Amended Complaint, excepts that it admits that application was made to RLI on or before May 15, 2007 for hull and protection and indemnity insurance on THE DIPLOMAT.

11.  JDJ admits that on or before May 15, 2007, RLI issued and delivered a policy identified as RLI Policy HUL0100185 and hereafter referred to herein as the "Policy," with a policy period from May 15, 2007, 12:01 a.m Standard Time to May 15, 2008, 12:01 a.m. Standard Time, but except as admitted herein, JDJ denies the allegations contained in paragraph 11 of RLI's Amended Complaint.

12. JDJ admits the allegations contained in paragraph 12 of RLI's Amended Complaint.

13. JDJ denies the allegations contained in paragraph 13 of RLI's Amended Complaint, and respectfully refers to the Policy for a statement of all of its terms.

14. JDJ admits the allegations contained in paragraph 14 of RLI's Amended Complaint.

**FINAL JUDGMENT AND ORDER OF ARREST
OF VESSEL AND POSSESSION OF COLLATERAL**

15. JDJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of RLI's Amended Complaint.

16. Paragraph 16 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, the allegations contained therein are admitted.

17. JDJ denies the allegations contained in paragraph 17 of RLI's Amended Complaint, as it applies to it as well as denies that Frankel was its agent. It denies knowledge or information sufficient to form a belief as to the truth of the allegations made as to Frankel.

18. JDJ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of RLI's Amended Complaint, which are legal conclusions, and leaves it to its proofs.

19. JDJ denies the allegations contained in paragraph 19 of RLI's Amended Complaint.

**BACKGROUND FACTS**

20. JDJ admits that the incident in question occurred while THE DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey, but otherwise denies the allegations contained in paragraph 20 of RLI's Amended Complaint.

21. JDJ denies the allegations contained in paragraph 21 of RLI's Amended Complaint.

22. JDJ denies the allegations contained in paragraph 22 of RLI's Amended Complaint.

23. JDJ admits that the incident in question occurred while THE DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey, but otherwise denies the allegations contained in paragraph 23 of RLI's Amended Complaint.

24. JDJ admits that it made a claim under RLI Policy No. HUL0100185, on or about July 2, 2007.

25. JDJ denies the allegations contained in paragraph 25 of RLI's Amended Complaint.

26. JDJ denies the allegations contained in paragraph 26 of RLI's Amended Complaint.

27. JDJ denies the allegations contained in paragraph 27 of RLI's Amended Complaint.

28. JDJ admits that it made a total loss claim to RLI for the damages sustained by THE DIPLOMAT on or about July 1, 2007.

29. Paragraph 29 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies knowledge or information sufficient to form a belief as to the truth or basis of the allegations contained in paragraph 29 of RLI's Amended Complaint and leaves it to its proofs.

30. Paragraph 30 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies knowledge or information sufficient to form a belief as to the truth or basis of the allegations contained in paragraph 30 of RLI's Amended Complaint and

leaves it to its proofs.

## AS TO RLI'S FIRST CAUSE OF ACTION

31. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-30 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

32. JDJ denies the allegations contained in paragraph 32 of RLI's Amended Complaint.

33. JDJ denies the allegations contained in paragraph 33 of RLI's Amended Complaint.

34. JDJ denies the allegations contained in paragraph 34 of RLI's Amended Complaint.

## AS TO RLI'S SECOND CAUSE OF ACTION

35. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-34 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

36. JDJ admits that the incident in question occurred while THE DIPLOMAT was docked at the Lincoln Harbor Marina, Weehawken, New Jersey, but otherwise denies the allegations contained in paragraph 36 of RLI's Amended Complaint.

37. Paragraph 37 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 37 of RLI's Amended Complaint.

38. JDJ denies the allegations contained in paragraph 38 of RLI's Amended Complaint.

39. JDJ denies the allegations contained in paragraph 39 of RLI's Amended Complaint.

40. JDJ denies the allegations contained in paragraph 40 of RLI's

Amended Complaint.

### AS TO RLI'S THIRD CAUSE OF ACTION

41. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-40 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

42. JDJ admits the allegations contained in paragraph 42 of RLI's Amended Complaint.

43. JDJ denies the allegations contained in paragraph 43 of RLI's Amended Complaint.

44. JDJ denies the allegations contained in paragraph 44 of RLI's Amended Complaint.

45. JDJ denies the allegations contained in paragraph 45 of RLI's Amended Complaint.

### AS TO RLI'S FOURTH CAUSE OF ACTION

46. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-45 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

47. Paragraph 47 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 47 of RLI's Amended Complaint.

48. Paragraph 48 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 48 of RLI's Amended Complaint.

### AS TO RLI'S FIFTH CAUSE OF ACTION

49. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-48 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

50. Paragraph 50 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 50 of RLI's Amended Complaint.

51. Paragraph 51 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 51 of RLI's Amended Complaint.

52. Paragraph 52 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 52 of RLI's Amended Complaint.

## AS TO RLI'S SIXTH CAUSE OF ACTION

53. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-52 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

54. Paragraph 54 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 54 of RLI's Amended Complaint.

55. Paragraph 55 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 55 of RLI's Amended Complaint.

56. Paragraph 56 of RLI's Amended Complaint states a legal conclusion and therefore requires no response, but to the extent that any response is required, JDJ denies the allegations contained in paragraph 56 of RLI's Amended Complaint.

## AS TO RLI'S SEVENTH CAUSE OF ACTION

57. JDJ repeats and realleges each of its admissions and denials of the allegations contained in paragraphs 1-56 of RLI's Amended Complaint with the same force and effect as if fully set forth at length herein.

58. JDJ denies the allegations contained in paragraph 58 of RLI's

Amended Complaint.

59. JDJ denies the allegations contained in paragraph 59 of RLI's Amended Complaint.

60. JDJ denies the allegations contained in paragraph 60 of RLI's Amended Complaint.

**AFFIRMATIVE DEFENSES ASSERTED BY JDJ**
**FIRST AFFIRMATIVE DEFENSE**

61. RLI is barred from obtaining the relief it seeks because of the doctrine of unclean hands.

**SECOND AFFIRMATIVE DEFENSE**

62. RLI is barred from obtaining the relief it seeks by the doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

63. RLI is barred from obtaining the relief it seeks by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

64. RLI is not entitled to the relief it seeks in RLI's Complaint or Amended Complaint because JDJ complied with the terms and conditions in the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

65. RLI is not entitled to the relief it seeks in RLI's Complaint or Amended Complaint because JDJ at all times acted in good faith and within its rights under the Policy handling and mitigating the claims arising from the July 1, 2007 incident.

**SIXTH AFFIRMATIVE DEFENSE**

66. RLI is not entitled to the relief it seeks in RLI's Complaint or Ameded Complaint because at all times RLI was fully aware of, and participated, or had the opportunity to participate, in JDJ's efforts and activities to avoid or minimize the claims arising from the July 1, 2007 incident.

## SEVENTH AFFIRMATIVE DEFENSE

67. RLI's Complaint and Amended Complaint fail to set forth a cause action against JDJ upon which relief can be granted.

Dated: Staten Island, New York
January 11, 2008

FRICKE & SOLOMON
Attorneys for defendant, JDJ Marine, Inc.

By: _____
Richard M. Fricke (RF7486)
622 Barlow Avenue
Staten Island, N Y  10312
Telephone:   718-984-2626