UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RLI INSURANCE COMPANY,

        Plaintiff,

    -against-                                    Index No. 07 Cv 9546 (GBD)

JDJ MARINE, INC.,

        Defendant.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF APPLICATION TO WITHDRAW AS ATTORNEY

      Solomon & Associates, P.C. attorneys for defendant, JDJ Marine, Inc. (hereinafter JDJ) make application to this Court for leave to withdraw as attorneys for defendant, JDJ. As set forth in the Affirmation of Robert A. Solomon in support of the Motion to Withdraw as Attorneys, during the month of May 2007 affiant had several telephone conversation with David Sommerhalter, the president of defendant, JDJ, concerning the need for JDJ to cooperate with his office. Solomon contends that the substance of those conversation is protected by the doctrine of Attorney-Client Privilege. In the event the Court believes it is necessary Solomon is willing to disclose the substance of those conversation with the court *in camera.*

      The United States Court of Appeals for the Second Circuit recognized in <u>Joseph Brenner Associates, Inc. v. Starmaker Entertainment, Inc.</u>, 82 F.3d 55 (2nd Cir. 1996) that an attorneys request to withdraw is governed by N.Y. Comp. Codes R. & Regs. tit 22 § 1200.15(c). 22 NYCRR § 1200.15(c) entitled Permissive Withdrawal provides:

Except as stated in section 1200.15(a) of this Part, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

(1) The client:

(i) Insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law.

(ii) Persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent.

(iii) Insists that the lawyer pursue a course of conduct which is illegal or prohibited under the disciplinary rules.

(iv) By other conduct renders it unreasonably difficult for the lawyer to carry out employment effectively.

(v) Insists, in a matter not pending before a tribunal, that the lawyer engage in conduct which is contrary to the judgment and advice of the lawyer but not prohibited under the disciplinary rules.

(vi) Deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.

(vii) Has used the lawyer's services to perpetrate a crime or fraud.

(2) The lawyer's continued employment is likely to result in a violation of a disciplinary rule.

(3) The lawyer's inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal.

(4) The lawyer's mental or physical condition renders it difficult for the lawyer to carry out the employment effectively.

(5) The lawyer's client knowingly and freely assents to termination of the employment.

(6) The lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

In <u>Countryman v. Watertown Housing Authority</u>, 820 N.Y.S.2d 757 (Sup. Ct. Jefferson County 2006) the court set forth three (3) grounds for withdrawal:

1. The clients failure to keep in touch with counsel.
2. The "deterioration" of the relationship; and
3. The nonpayment of fees.

As set forth in Solomon's affirmation, JDJ has failed to cooperate with his office in connection with the defense of the case at bar. The specifics of that JDJ's failure to cooperate, which will be disclosed to the Court *in camera*, if requested, met the requirements set forth in 22 NYCRR § 1200.15(c) and <u>Countryman</u>, <u>supra</u>.

For the reasons set forth herein, the undersigned respectfully requests that this most Honorable Court grant the motion of Solomon & Associates, P.C. to withdraw as attorneys for defendant, JDJ Marine, Inc. together with such other and further relief as, to this Court, may seem just and proper.

Dated:   Staten Island, New York
         June 5, 2008

                                                  SOLOMON & ASSOCIATES, P.C.
                                                  Attorneys for JDJ Marine, Inc.


                                                  By: _____-
                                                      ROBERT A. SOLOMON (RS-2895)
                                                  3309 Richmond Avenue
                                                  Staten Island, New York 10312
                                                  (718) 984-2626
                                                  rsolomon@metrolaw.com