UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
RLI INSURANCE COMPANY,                              07 Cv. 9546 (JBD)(HP)

                Plaintiff,

    -against-

JDJ MARINE, INC.,

               Defendant
---------------------------------------------------X


## MEMORANDUM OF LAW IN OPPOSITION TO SOLOMON & ASSOCIATES' MOTION TO WITHDRAW


           Respectfully submitted,

           NICOLETTI HORNIG & SWEENEY
           Attorneys for Plaintiff
           RLI Insurance Company
           Wall Street Plaza
           88 Pine Street, 7th Floor
           New York, New York 10005-1801
           (212) 220-3830

Of Counsel:

    John A.V. Nicoletti
    Nooshin Namazi
    Guerric S.D.L. Russell

## **PRELIMINARY STATEMENT**

Plaintiff RLI Insurance Company ("RLI") by and through its attorneys, Nicoletti Hornig & Sweeney, respectfully submits this Memorandum of Law in Opposition to Solomon & Associates' Motion to Withdraw as attorneys for defendant JDJ Marine, Inc. ("JDJ"). The sole basis shared with RLI for the request to withdraw is that JDJ has allegedly failed to cooperate with its counsel. No evidence of this lack of cooperation was submitted with the motion, as Solomon & Associates has only offered to discuss the substance of this claim with the Court *in camera*. Furthermore, Solomon & Associates has also apparently provided the Court with a confidential communication regarding the request to withdraw by letter dated June 12, 2008. RLI was not provided with a copy of the same. As such, RLI is in the dark as to whether that communication has provided sufficient grounds to warrant withdrawal.

Nevertheless, however, during the course of this litigation RLI has seen no evidence to suggest that JDJ was uncooperative. Much to the contrary, JDJ and Solomon & Associates have engaged in active discovery and except for the deposition of JDJ's principals and employees, which were previously adjourned as an accommodation for Solomon & Associates' schedule, JDJ has responded to all RLI discovery demands to date.

Furthermore, due to the timing in which Solomon & Associates has chosen to file its motion to withdraw (in the midst of serious settlement discussions between the parties) RLI can only conclude that the instant motion to withdraw is based on a dispute between JDJ and its counsel regarding the terms of settlement. Such grounds, if true, are not a proper reason to seek withdrawal.

## BACKGROUND FACTS

Solomon & Associates (formerly Fricke & Solomon) appeared in this action on January 3, 2008. Since then, Mr. Fricke and then Mr. Solomon actively participated in this litigation, including attending an Initial Conference with the Court and participating in discovery.

To date, JDJ has complied with most of RLI's discovery demands. In particular, RLI served JDJ with a Demand for Documents, Request for Interrogatories and Request for Admissions. JDJ responded to all of these discovery requests. In fact, JDJ supplemented its response to RLI's Request for Admissions just fifteen (15) days prior to Solomon & Associates' motion to withdraw. Depositions of JDJ's principals and employees (David Sommerhalter, Paulette Sommerhalter, Jean Turi and Joseph Turi) remain outstanding, however, these were all previously adjourned to accommodate Solomon & Associates' schedule.

Furthermore, the parties have participated in extensive non-party discovery, having already taken four (4) non-party witness depositions. Several other non-party witnesses have produced documents and are scheduled to testify. Solomon & Associates has fully participated in this non-party discovery and attended all depositions, up to the time of the filing of the motion to withdraw.

Recently, and pursuant to an inquiry by Mr. Solomon of Solomon & Associates, the parties began serious settlement discussions. Just as it appeared that the parties were closing in on a settlement, and with no advanced warning, Solomon & Associates filed the instant motion. Their request to withdraw is unexpected in light of the fact that Solomon & Associates never advised RLI or this office that JDJ was not

2

being cooperative. Moreover, there was no reason to believe that to be true based on JDJ's full cooperation and participation during discovery.

## LEGAL ANALYSIS

### SOLOMON & ASSOCIATES MUST SHOW A SATISFACTORY REASON TO WITHDRAW

The instant motion to withdraw is governed by the Southern District Court's Local Civil Rule 1.4, and not §1200.15(c) of Title 22 of the N.Y. Comp. Codes R & Regs., as Solomon & Associates contends. Local Civil Rule 1.4 provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

S.D.N.Y. Local Civ. Rule 1.4 (2008). Thus, for Solomon & Associates to successfully seek withdrawal, they must (1) show a satisfactory reason for withdrawal; and (2) advise the Court of the posture of the case. *Id.*

Without knowing what if anything Solomon & Associates has disclosed to the Court, RLI maintains that Solomon & Associates has not sustained its burden to show a satisfactory reason for the request to withdraw. In its motion, counsel merely claims that JDJ has not been cooperative.[1] Such conclusory allegations are not sufficient to sustain a request to withdraw. *See, Welch v. Niagara Falls Gazette*, 2000 WL 1737947,

---

[1] We note that in the reported decisions where a lack of cooperation was alleged, the reason for such a claim was typically discussed. Therefore, we do not understand why Solomon & Associates has refrained from at least revealing the subject of the lack of cooperation claim.

3

*3 (W.D.N.Y. 2000)(holding that where local rule required "good cause", mere allegation of lack of cooperation is not enough of a basis to withdraw).[2]

Furthermore, due to the timing of Solomon & Associates' motion, while the parties were actively participating in settlement discussions; and because JDJ has thus far participated in discovery, including providing supplemental discovery responses to RLI's request for admissions only two weeks earlier, it appears that the dispute between Solomon & Associates and JDJ is really one relating to a final agreement on the settlement amount. If true, this is not a satisfactory reason for Solomon & Associates to seek to withdraw from this case. Courts have routinely held that a counsel's disagreement with its client over a proposed settlement is not a sufficient basis to withdrawal from a case. *See, Welch*, 2000 WL 1737947, *2-3 (holding that motion to withdraw as counsel because client will not accept a settlement is not a proper basis to withdraw); *Deflumer v. Leschack & Grodensky, P.C.*, 2000 WL 654608, *1 (N.D.N.Y. 2000)("[t]he mere fact that an attorney and client may disagree over a proposed settlement will not establish good cause for withdrawal of representation"); *Vaughn v. American Telephone and Telegraph Corp.*, 1998 WL 760230, *1 (S.D.N.Y. 1998)("[t]he refusal of a client to accept a settlement offer, however, does not amount good cause for withdrawal of an attorney"); *Marrero v. Christiano*, 575 F.Supp. 837, 839 (S.D.N.Y. 1983)("a refusal to accept a settlement, even though favored by an attorney, is not just cause for withdrawal by the attorney").

Thus, in the event that Solomon & Associates has not explained to the Court how JDJ has been uncooperative; or reveals that the reason for the instant motion

---

[2] We note that Local Civil Rule 1.4 uses the words "satisfactory reason," however, we have found no case law which indicates that "good cause" and "satisfactory reasons" require different burdens of proof.

4

relates to a dispute regarding the parties' settlement discussions, Solomon & Associates has failed to sustain its burden under Local Civil Rule 1.4 to show a satisfactory reason for the request to withdraw.

## CONCLUSION

For the foregoing reasons, the Court should deny Solomon & Associates' motion to withdraw as counsel for defendant JDJ Marine, Inc. in all respects and Order the parties to attend a one (1) day mediation before a Magistrate Judge in an effort to settle this matter. In addition, because discovery has been effectively stayed due to Solomon & Associates' refusal to participate since the filing of the motion to withdraw, the Court should extend all of the present deadlines by thirty (30) days.

Dated:   New York, New York
         June 18, 2008

                            NICOLETT HORNIG & SWEENEY
                            Attorneys for Plaintiff RLI Insurance Company

By: _____
     John A.V. Nicoletti (JN-7174)
     Wall Street Plaza
     88 Pine Street, 7th Floor
     New York, New York 10005
     Tel: 212-220-3830
     Fax: 212-220-3780
     E-mail: jnicoletti@nicolettihornig.com
     Our File: 70000202 JAVN/NN/GSR

TO:

Solomon & Associates
Attorneys for Defendant
*JDJ MARINE, INC.*
Robert A. Solomon (RS-7916)
622 Barlow Avenue
Staten Island, New York 10312
Tel:   718-984-2626
Fax:   718-984-5820
E-mail:rsolomon@metrolaw.com
Your File: N070926-T950

X:\Public Word Files\7\202\Legal\Opposition Brief to Motion to Withdraw.6.18.08.GSR.S.RR.doc